Ezekiel Wayne HALL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0519–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 13, 1983.

Discretionary Review Refused March 21, 1984.

Jeanette Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

COHEN, Justice.

The appellant was convicted of murder after a trial by jury. The jury found one enhancement paragraph to be true and assessed punishment at imprisonment for ninety-nine years.

■ The appellant complains that the court erred by overruling his motion to dismiss the indictment because of the State's failure to comply with the Speedy Trial Act. The one hundred twenty day time period began to run on September 8, 1981, when the complaint was filed. The State filed a written announcement of ready for trial on December 29, 1981, within one hundred twenty days of September 8. Such a filing constitutes a prima facie showing of readiness and shifts to the defendant the burden of rebutting the presumption of readiness. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). The defendant's failure to present evidence rebutting the presumption of the State's readiness will cause his motion to be overruled. *Phipps v. State,* 630 S.W.2d 942, 947 (Tex. Cr.App.1982).

■ The appellant argues that this court should give no weight to the District Attorney's "form announcement of ready" because it was filed in the 232nd District Court, and the appellant's case was tried in the 209th District Court. However, the appellant ignores the fact that the case was still pending in the 232nd District Court at the time the announcement of ready was filed. The appellant further argues that the State's announcement is entitled to no weight because he never received notice of the filing of the announcement. The appellant cites no authority for the proposition that notice of the State's filing of ready is required, and we note that no such notice is required by article 32A.02 of the Code of Criminal Procedure.

■ The appellant argues at length that certain periods of delay after January 21, 1982, should not be excluded from the one hundred twenty day time period. It is unnecessary to decide whether such time is included or excluded because the State's prima facie showing of readiness was never rebutted by the appellant.

■ Furthermore, the appellant was not harmed by the lack of notice of the State's filing of ready because the State is not required to announce ready before the one hundred twenty day time period has run. The State is only required to declare its readiness for trial after the defendant files his motion to dismiss. *Barfield v. State, supra,* 586 S.W.2d at 542.

■ The fact that the case was not tried or set for trial until April of 1982 is without significance because, "there is nothing in the act that requires the prosecutor to actually attempt to set a case for trial." *Barfield v. State,* 586 S.W.2d at 542, note 1. Ground of error one is overruled.

■ The appellant further complains that the jury charge was fundamentally defective because it authorized his conviction under the law of parties, a theory not alleged in the indictment, thus improperly enlarging upon the indictment. Penal Code § 7.01(b) provides that each party to an offense may be charged with commission of the offense and, if the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment. *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Cr.App.1978); *Romo v. State,* 568 S.W.2d 298 (Tex.Cr.App.1978). The argument is without merit.

The appellant further argues that the jury charge is fundamentally defective because it failed to apply the law of parties to the facts of the case. No objection was made on this basis at trial. It is well settled that the failure to apply the law of parties to the facts in the jury charge is not fundamental error. *Mott v. State,* 543 S.W.2d 623 (Tex.Cr.App.1976); *Pitts v. State, supra; Romo v. State, supra.* Ground of error three is overruled.

The appellant next contends that the evidence was insufficient to prove he committed murder. This was a circumstantial evidence case, and the jury was so charged. A conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except that of the guilt of the accused. *Wilson v. State,* 654 S.W.2d 465, 467, 471 (Tex.Cr.App.1983). In the case at bar, the evidence will be sufficient if it shows that the appellant acted as a principal or as a party to the offense.

The evidence showed that on September 7, 1981, Houston police found the body of Michael Rodenbaugh in a parked car which was equipped for operation by a handicapped person. At an apartment complex two blocks away from the location of the parked car, the police found a pool of blood, five spent .22 caliber shell casings, and a trail of blood leading from the pool to some vegetation approximately eighty feet away.

The appellant's daughter lived in apartment no. 57 of this complex, at which location a .22 caliber revolver was found on the kitchen table and a .22 caliber rifle was found behind the bedroom dresser. The appellant's daughter, a principal State's witness, testified that on the night in question, her father said "Enough is enough. I am going to waste him." Her father, the appellant, then went outside with a rifle and after a few minutes she heard four to six shots fired. She further testified that the appellant then returned to the apartment, gave her the rifle, and told her to clean it and reload it. At this time he also said, "something about having to dispose of a body." She hid the rifle in the bedroom of the apartment, where the police recovered it. At the time she heard the shots, she was inside the apartment with a friend, Ronnie McIntyre, who was a handicapped person. She testified that the appellant had disliked the victim, Rodenbaugh.

Another apartment resident, Lee Arnold, testified that on the night in question he saw the appellant and another man loading an apparently dead body into the same car in which the deceased was later found two blocks away. Arnold further testified that he found a pool of blood next to his own car and that the car had on its fender and tires a substance which appeared to be strawberry jam. Upon closer examination of the substance, he determined it was not strawberry jam.

Arnold testified that, after he realized that the substance on and around his car was blood, he started to walk in the direction of the appellant, but at that time a "spanish guy" (not the appellant) pointed a gun at him and told him to stay back and not come any closer. It was at this time that he saw the appellant placing a limp human body in the back seat of the car in which Rodenbaugh's body was found. Arnold saw the appellant drive the car away.

Detective Cook of the Houston Police Department testified that he found five spent .22 caliber shell casings on the driver's side of Arnold's car where the pool of blood was located. Cook further testified to a trail of blood from the pool by Arnold's car leading to a patch of weeds about eighty feet away. The patch of weeds was the same spot where Arnold testified he saw the appellant and the other man loading the body into a car.

The autopsy report showed that the victim was killed by multiple gun shots wounds to the face and neck. All the bullets recovered from the body were small caliber and consistent with a .22 caliber.

Houston police officer Hanson, who found the .22 hulls, testified that the hulls were scattered, which would be consistent with hulls ejected from a rifle as it fired repeatedly. Hanson explained that .22 caliber

shells fired from a pistol would tend to be found in a small group since they would be dumped out of a pistol simultaneously. Officer Hanson further testified that the .22 caliber rifle he found at the apartment of the appellant's daughter was a semi-automatic, which would automatically eject a shell after firing. Hanson further testified that a revolver does not automatically eject a spent hull.

After the appellant left his daughter's apartment on the night of the shooting, she did not hear from him again until he called from Loma, Texas inquiring about charges against him. A month later he called her to ask what charges had been filed against him. After his daughter informed him that murder charges had been filed, he fled to Reno, Nevada, where he was arrested.

■ We hold that this evidence is sufficient to sustain a verdict of guilt either as a principal or as a party. As the State argues, "this combination of motive, proximity in time and place, implication in collateral aspects of the crime, and flight, plus the strong likelihood that the appellant's rifle was the murder weapon, was sufficient to sustain the conviction." Several convictions for murder have been sustained on circumstantial evidence significantly weaker than that in the case at bar. cf. *Zanghetti v. State,* 618 S.W.2d 383 (Tex.Cr.App.1981); *Blount v. State,* 630 S.W.2d 856 (Tex.App.— Houston [1st Dist.] 1982, discretionary review ref'd.). Ground of error two is overruled.

■ Appellant finally complains that he was denied due process of law by the cumulative prejudicial effect of improper prosecutorial argument. He relies upon *Stein v. State,* 492 S.W.2d 548 (Tex.Cr.App. 1973) and *Boyde v. State,* 513 S.W.2d 588 (Tex.Cr.App.1974), both of which are distinguishable. Those two cases were reversed because of gross and repeated prosecutorial misconduct committed in violation of the court's rulings on objections and motions which permeated the entire trial, not merely the jury argument. Nothing in this case approaches the level of misconduct in those cases.

■ Specifically, the appellant complains of two comments by the prosecutor during jury argument at the guilt/innocence stage, neither of which was the subject of an objection. The defense attorney had argued that the State had failed to prove that the blood in the apartment complex parking lot was from the deceased and, further, that the State failed to make any ballistics comparison to prove that the bullets found in the body of the deceased were fired from the weapon which appellant was seen with immediately before and after the murder. The prosecutor responded saying, "I could have called the chemist, he would testify the blood on the ground was the same blood that was left in the veins of Mike Rodenbaugh a couple of blocks away." The prosecutor also stated that the bullets recovered from the body of the deceased were fragmented and unavailable for ballistic comparison. Both of these arguments were outside the record and injected new facts harmful to the appellant. Although the prosecutor's argument was obviously an answer to that of the defense attorney, calling attention to the absence of State's evidence can never be an invitation for the State to furnish that evidence by unsworn testimony of the prosecutor during jury argument. The prosecutor's argument was error and was harmful, but does not require reversal on the facts of this case. A judgment will not be reversed for improper prosecutorial jury argument in the absence of objection unless the argument was so improper as to be incurable by an instruction for the jury to disregard it. *Bray v. State,* 478 S.W.2d 89 (Tex.Cr.App.1972). An instruction to disregard could have cured the error in this case. In addition, the evidence against the appellant, although circumstantial, was so strong that any jury would likely have reached the same verdict at the guilt stage, even without the prosecutor's improper argument.

The appellant next complains of the prosecutor's jury argument pointing out that the appellant had only served a fraction of his prison sentences in prior cases. No objection to this argument was made at trial

and any error was, therefore, waived. Moreover, the prosecutor's argument merely pointed out what was obvious from penitentiary packets already admitted in evidence. The prosecutor never referred to the parole board or to parole specifically.

█ Finally, appellant complains of the following argument by the prosecutor:

Does it make sense he doesn't want to go to the judge [for punishment]? He knows what the judge will do to him.

The court immediately instructed the jury to disregard the statement, but denied the appellant's motion for a mistrial. The penitentiary packet admitted in evidence as State's exhibit nineteen showed that the appellant had previously been convicted of aggravated robbery, burglary of a habitation, robbery by assault, and burglary with intent to commit theft. We hold that the error in the prosecutor's improper argument was cured by the court's prompt instruction, and, in addition, that any error not cured by the instruction was harmless, even at the punishment stage, in view of the brutality of the murder for which the appellant was convicted and his long record of serious felony convictions. Ground of error four is overruled.

The judgment is affirmed.

Publish. Tex.Crim.App.R. 207.