**John Albert SHORT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–404CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 3, 1984.

---

[*] All references hereinafter made to sections are to those subdivisions of art. 42.12.

**654**

Janet Morrow, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, John Albert Short, appeals from a judgment of conviction of the offense of aggravated robbery. The jury found appellant guilty on a not guilty plea and assessed punishment at five years in the Texas Department of Corrections. We affirm.

Appellant brings four grounds of error on appeal. In ground of error one, appellant contends that the trial court erred in allowing the prosecutor during the punishment phase of trial to elicit testimony about early termination of probation. Ground of error two complains that it was prosecutorial misconduct to elicit testimony that the trial judge never gave probation for aggravated robbery. In ground of error three, appellant asserts that the trial court erred in allowing the jury to consider at the punishment phase of trial evidence of appellant's prior arrest record that had been admitted during the guilt and innocence phase only for impeachment purposes. Finally, in ground of error four, appellant claims that the prosecutor improperly expressed his opinion of appellant's guilt.

The complainant, Cheryl Hartfield Stenson, was robbed while working at a Del Taco restaurant on January 24, 1983. Later, on February 18, 1983, she was at the jail paying a fine for her husband. While standing in line in the lobby, she noticed appellant standing in line next to her and recognized him as the man who had robbed her. She wrote a note to the clerk, telling her what had happened. A police officer came out and arrested appellant.

In ground of error one, appellant complains about the following exchange, which took place during cross-examination of appellant during the punishment phase of trial:

PROSECUTOR: Did he [defense counsel] also explain to you that the law allows for probation to be terminated at the end of two years or at one-third of the time of the probation, whichever is less?

APPELLANT: No.

DEFENSE COUNSEL: I object to that. That is not accurate. That's up to you.

THE COURT: That will be overruled. You may proceed.

PROSECUTOR: Let me ask that question again, sir. Did your lawyer explain to you that the law allows for probation to be terminated after two years or one-third of the time of probation, whichever is less? Did he tell you that, Mr. Short?

THE COURT: Yes or no?

APPELLANT: Yes.

PROSECUTOR: Yes, he did.

■ Appellant claims that this line of questioning was highly improper and can be compared with prosecutorial argument urging consideration of parole law. A prosecutor may not, in his closing argument, refer to the possibility that the defendant will be paroled and thus relieved from serving the entire sentence assessed. *Kearney v. State*, 630 S.W.2d 934 (Tex. Crim.App.1982); *Woerner v. State*, 576 S.W.2d 85 (Tex.Crim.App.1979).

We disagree with appellant's first ground of error for several reasons. First, appellant failed to preserve this error for review. After appellant's objection was overruled, the prosecutor asked the same question again without objection. No error is presented when the same error subsequently comes in without objection. *Crocker v. State*, 573 S.W.2d 190 (Tex. Crim.App.1978). Appellant did not preserve this error for appeal.

Second, even if appellant had properly preserved this error for review, we do not believe that *evidence* of the possible effects of probation can be analogized to impermissible comments during jury argument about parole. During the punishment phase, appellant's counsel portrayed to the jury that probation could be harsh and burdensome. Once appellant's counsel had put this subject in issue, the State was entitled to go into it more fully even where the evidence would not ordinarily be admissible. *Lucas v. State*, 479 S.W.2d 314 (Tex. Crim.App.1972); *Mosley v. State*, 643 S.W.2d 212 (Tex.App.—Fort Worth 1982, no pet.). Furthermore, the reason that parole cannot be mentioned for the first time during jury argument is because it was never an issue during trial, and therefore, not relevant. The mention of parole during closing argument brings in unsworn testimony and facts outside the record. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim. App.1973).

In our case, the State elicited testimony about probation once appellant's counsel had opened the subject. The evidence came in as relevant, sworn testimony. We overrule appellant's first ground of error.

In his second ground of error, appellant claims that prosecutorial misconduct occurred when the prosecutor elicited the following testimony from one of the court's probation officers during the punishment phase of trial:

PROSECUTOR: Isn't it true that Judge McSpadden [The Trial Judge] never gives anyone probation for armed robbery?

ANSWER: I am not sure, sir?

When a defendant is convicted of aggravated robbery, the judge may not grant probation, but when punishment is assessed by the jury, the jury may grant probation for aggravated robbery. Tex. Code Crim.Proc.Ann. art. 42.12 § 3f(a)(1)(D); *Rivas v. State*, 627 S.W.2d 494 (Tex.App.—San Antonio 1982, pet. ref'd). Appellant argues that the prosecutor misstated the law and caused harmful error because his statement inferred to the jury that because the judge did not grant probation for this offense, the jury should not grant probation. We disagree with appellant's contentions.

First, appellant's attorney failed to object to this question. In each case cited by appellant to support his contention that this statement was harmful error, trial counsel objected to the statement. *See e.g. Mc Clure v. State*, 615 S.W.2d 757 (Tex. Crim.App.1981); *Dexter v. State*, 544 S.W.2d 426 (Tex.Crim.App.1976). When no objection is made at trial, error is not preserved for review on appeal. *Lopez v. State*, 468 S.W.2d 365 (Tex.Crim.App.1971).

Second, even if appellant had preserved this error, the answer, "I am not sure, sir?" was not prejudicial. Finally, the charge to the jury instructed them that if they found that appellant was not a convicted felon, that they could, in their discretion, grant probation. This instruction would have cured the error if any had been caused by the statement. We overrule ground of error two.

Ground of error three alleges that the trial court erred in allowing the jury at the punishment phase to consider evidence of appellant's prior arrest record that had been admitted during the guilt or innocence phase only for impeachment. We disagree.

During the guilt or innocence phase this testimony came in without objection; in fact, some of this evidence was elicited by appellant. At the punishment phase, the prosecutor reoffered "all the evidence offered during the guilt stage of its case in

chief." The court admitted the evidence and the State rested. Appellant then objected. An objection made after evidence is admitted is untimely and insufficient to preserve error. *Rodriguez v. State,* 577 S.W.2d 491 (Tex.Crim.App.1979); *Bice v. State,* 642 S.W.2d 263 (Tex.App.—Houston [1st Dist.] 1982).

■ Generally, evidence of prior arrests is not admissible at the punishment phase of trial, but when this evidence was admitted without objection at the guilt phase, its reintroduction during the punishment phase is not error. *Ochoa v. State,* 481 S.W.2d 847 (Tex.Crim.App.1972); *See Boles v. State,* 598 S.W.2d 274 (Tex.Crim. App.1980). In assessing punishment the jury may consider all evidence adduced at trial on guilt or innocence. *Demouchette v. State,* 591 S.W.2d 488 (Tex.Crim.App. 1979). We overrule ground of error three.

■ Finally, in his fourth ground of error, appellant claims that during his closing argument at the guilt or innocence phase of trial, the prosecutor improperly expressed his opinion of appellant's guilt. During this argument, the prosecutor stated:

> I submit to you there is enough crime in this country [that] we don't have to bring false charges against anybody, and I submit to you that my job is to see that justice is done.

In order to perfect an appeal regarding error in the prosecutor's jury argument, the defendant must make a timely objection at trial; however, this objection is not necessary where the argument is so prejudicial that an instruction to disregard will not cure the harm. *Romo v. State,* 631 S.W.2d 504 (Tex.Crim.App.1982). Where an objection could have cured the harm, an objection is required. *Hall v. State,* 662 S.W.2d 37 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). In *Spaulding v. State,* 505 S.W.2d 919 (Tex.Crim.App.1974), the prosecutor's statement that "we're not going to prosecute people who are innocent," was cured by an instruction to the jury to disregard.

■ An objection was necessary to preserve the error in our case for review on appeal. Appellant failed to make an objection. We overrule ground of error four.

Accordingly, we affirm the judgment of the trial court.