**Eric Thomas BORGEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0278–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 15, 1984.

Rehearing Denied Dec. 17, 1984.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Richard Mason, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DOYLE, BASS and BULLOCK, JJ.

## OPINION

BULLOCK, Justice.

This is a sexual abuse case that comes to us on remand from the Court of Criminal Appeals.

Upon initial submission of this case, a panel of this court held that a comment by the prosecutor, during the guilt phase of the trial, constituted reversible error notwithstanding the absence of an objection by appellant. *Borgen v. State*, 657 S.W.2d 15 (Tex.App.—Houston [1st Dist.] 1983). We reversed and remanded this cause for a new trial. The Court of Criminal Appeals granted the state's petition for review and held: (1) that the comment by the prosecutor was improper; but (2) that, in light of the total record, it was not so prejudicial as to call for reversal in the absence of appellant's failure to object. *Borgen v. State*, 672 S.W.2d 456 (Tex.Crim.App.1984) (not yet reported). The court remanded the cause to us for determination of the remaining two grounds of error presented by appellant: That he was denied effective assistance of counsel; and that the prosecutor's improper argument to the jury at the punishment stage denied appellant due process of law. Appellant does not challenge the sufficiency of the evidence supporting his conviction.

Appellant contends in his first ground of error that at the punishment stage of his trial, his attorney suffered an impairment of effective assistance that, appellant claims, "can only be characterized as a total collapse." Specifically, appellant contends that his attorney failed to render effective assistance by (1) failing to object to evidence of extraneous offenses and other bad conduct by appellant, by (2) failing to make a timely objection to an allegedly improper question, by (3) having made an unnecessary comment to the jury that the prosecutor subsequently used to appellant's disadvantage, and by (4) failing to request a hearing outside the jury's presence on the competency of the state's witnesses.

The state responds that, the record not having made the reason for appellant's attorney's lapses clear, no concrete basis for finding ineffective assistance of counsel exists, and that appellant's attorney's actions were conceivably the exercise of strategic or tactical options. Having examined at the entire record in this case, we conclude that the total circumstances of appellant's representation do not clearly demonstrate a denial of effective assistance of counsel; we thus overrule this ground of error. *Romo v. State*, 631 S.W.2d 504 (Tex.Crim. App.1982).

Appellant's remaining ground of error is that the prosecutor made prejudicially improper statements to the jury during the punishment stage of the trial.

During his final statement to the jury at the punishment stage of appellant's trial, appellant's counsel averred that "whatever happened" he would appeal the case. The prosecutor seized upon this statement and began his final statement as follows:

[PROSECUTOR]: May it please the court, ladies and gentlemen, this has been a rather quick trial as far as a criminal trial. One thing you have just learned is you have been given information that most jurors don't ever get. The last question or the last comment that this lawyer told you about was if you made a mistake, don't make a mistake. He said if he makes a mistake and you give him probation he will be sent to the penitentiary. Well, you see, you don't need to worry about him making a mistake. The lawyer told you he is going to appeal this conviction. *No matter what he is going to appeal. Any mistake you may have made some other court will rectify.* [Emphasis supplied].

A few moments later, the prosecutor concluded his summation by returning to this theme:

I tell you based upon this evidence there is no question in my mind that this thing deserves a 20 year sentence and a $10,000.00 dollar fine. *And if you need to be comforted the fact is you know the Defendant is going to appeal and if you*

*do the wrong thing somebody will take care of it.* If you've done the right thing 'you are also taken care of. God bless you. Thank you. [Emphasis supplied].

Appellant made no objection to either statement.

■ A proper jury argument is one that (1) summarizes the evidence, (2) draws reasonable deductions from the evidence, (3) responds to the opposing counsel's arguments, or (4) is a plea for law enforcement. *Todd v. State* 598 S.W.2d 286, 296–297 (Tex.Crim.App.1980). Even when an argument exceeds these boundaries, however, "such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial proceeding." *Todd v. State,* 598 S.W.2d at 297.

■ Generally, a defendant waives any impropriety in the prosecution's argument if he fails to make a timely objection to the impropriety. *Romo v. State, supra.* An objection is not necessary to preserve error, though, where the improper statement is so prejudicial that an instruction to disregard will not cure the harmful effect. *Romo v. State, supra; Smith v. State,* 541 S.W.2d 831 (Tex.Crim.App.1976).

■Thus, our inquiry requires that we determine, first, whether the commentary challenged on appeal was improper; and, second, if it was improper, whether it was so prejudicial as to excuse appellant's failure to object.

We hold that the statements were improper. The statements could not reasonably constitute a summarization of the evidence; on the contrary, they were a direct attack on appellant's plea for leniency, based solely on a comment by appellant's attorney to the jury on matters outside the record.

Nor did the statements fall within the second permissible area of jury argument under *Todd, supra.* For the reasons outlined above, the statements could not constitute a reasonable deduction from the evidence.

■ Neither were the statements a proper, invited response to the argument of opposing counsel. The state argues appellant invited this argument by stating to the jury that he would appeal the case. It is true that, if a defendant's counsel invites argument in his own statement to the jury, it is not error for the state to reply to that argument, but this permission to reply does not constitute an unbounded license to stray beyond the scope of the invitation. *Pemberton v. State,* 601 S.W.2d 333, 338 (Tex.Crim.App.1979). In the instant case, the state went beyond a mere explanation of appellant's right to appeal by telling the jury that, because appellant intended to appeal, it did not matter if the jury "made a mistake," the prosecutor affirmatively encouraged the jury to ignore the responsibility to render a fair sentence that the jury assumed when it took its oath. This exceeded any permission to argue that appellant's counsel statement may have invited under *Pemberton, supra.*

■ Finally, the statement did not reasonably constitute a plea for law enforcement. The state did not ask the jury to uphold the law, or to provide for a safer society by enforcing the law. On the contrary, the prosecutor's statement actually charged the jurors not to concern themselves with interests of justice or fairness but instead to have blind faith in an almost parenthetical remark concerning appeal as the ultimate failsafe that they could do no wrong. The argument was calculated to and probably did give the impression to the jury that, no matter what it did, a higher court would ensure ultimate, perfect justice for appellant, and that therefore it need not concern itself with assessing a punishment that it sincerely felt was proper. This was not only outside the *Pemberton* exception, but expressly contrary to our system of criminal justice, for it in effect, told the jury that it could deal harshly with appellant at the punishment stage, rather than concerning itself with an honest effort to determine a proper punishment.

We next consider whether an objection was necessary to preserve error. We find that this particular impropriety by the prosecutor was much stronger and more direct in its intended and probable effect than the prosecutor's comment at the guilt stage that, "As long as lawyers are for hire, justice is for sale." In its argument during the punishment stage, the state told the jury in effect, "You don't have to do the right thing here, because an appellate court will take care of it." This was an improper attempt to take advantage of a statement by appellants' counsel and resulted in an inducement for the jury to disregard its sworn duty. To hold that an instruction to disregard was necessary to preserve review of an impropriety so clearly outside the bounds delineated in *Todd, supra* would vitiate the whole purpose of the policy expounded therein.

The prosecutor's argument being improper, and so prejudicial as to render objection unnecessary to preserve error, we sustain appellant's third ground of error.

We reverse the judgment of the trial court and remand the case for a new trial.