Kevin Menard JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00330–CR.

Court of Appeals of Texas,
Dallas.

Jan. 27, 1987.

Rehearing Denied Feb. 24, 1987.

Kevin Kurtz, Lawrence B. Mitchell, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before STEPHENS, HOWELL and McCRAW, JJ.

STEPHENS, Justice.

Kevin Menard Jones appeals his conviction for aggravated robbery. Jones pled true to two enhancement paragraphs contained in the indictment. The jury assessed punishment at sixty years confinement. In three points of error Jones contends: (1) that the parole law instructions contained in the court's charge to the jury are unconstitutional as violative of the Texas Constitution's separation of power provisions; (2) that the parole law instructions contained in the court's charge are unconstitutional because they violate due process; and (3) that the prosecutor's argument to the jury at the punishment phase of the trial constituted reversible error because the argument was so manifestly improper and prejudicial that an instruction to disregard could not cure the harm. We agree with Jones' third point of error. Ac-

cordingly, we reverse the judgment of the trial court.

In his third point of error, Jones complains that the following argument made by the prosecutor during the punishment phase of the trial was manifestly improper because it invited the jury to apply the parole law in assessing punishment:

In the Judge's charge he read to you what jurors didn't used to get to find out about, about the affect [sic] of the parole laws and how you that may affect your verdict. In this particular case, because it is an aggravated robbery, any sentence that you give will be cut by effect of the parole laws.

It may surprise you that I'm only going to ask for twenty years in the penitentiary. That's twenty calendar years. Because the parole law contained in the Court's Charge says any sentence you get, the defendant will be eligible for parole after he's served a flat calendar third, up to twenty years, whichever is less. That means that the break-even point is sixty years, a sixty-year sentence. The parole law affects that by making it twenty years. Okay?

So, I'm asking for a twenty year sentence, calendar time in the penitentiary. In order to accomplish that, you must give at least a sixty-year sentence in order to keep him in the penitentiary for twenty calendar years. Okay? You can give him any more than sixty that you want. Of course, I'm going to ask for the maximum sentence, but I ask you not one day less than a sixty-year sentence. Okay? When you read the parole statute that's contained in the Court's Charge, you'll see that that directly mirrors this representation.

\* \* \* \* \* \*

I ask for a life sentence and not a day less than sixty, because you have how the parole laws really affect your verdict. Not a day less than sixty. If you really feel sorry for him, you can vote for sixty and leave those other thirty-nine years for mercy, if you really think he deserves that. But a life sentence is what he needs, finally, to get his attention, be-

cause nothing has up to this point. Nothing has gotten his attention up to this point.

Jones did not object to the above argument by the prosecution.

■ The general rule is that any impropriety in the State's argument is waived by a defendant's failure to make a proper and timely objection. *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App.1982); *Short v. State*, 681 S.W.2d 652, 656 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd); *Borgen v. State*, 682 S.W.2d 620, 623 (Tex.App.—Houston [1st Dist.] 1984, no writ). An exception to the general rule occurs where the argument of the prosecutor is so prejudicial that an instruction to disregard would not cure the harm. *See Romo*, 631 S.W.2d at 505; *Short*, 681 S.W.2d at 656; *Borgen*, 682 S.W.2d at 623.

■ We have reviewed the above argument of the prosecutor and we find it to be so highly prejudicial that an instruction to disregard would not have cured the error stemming from the argument. Consequently, in the case at bar, an objection was unnecessary to preserve error. *See, Borgen*, 682 S.W.2d at 624.

■ The Court of Criminal Appeals has held that there are four traditional areas of permissible prosecutorial jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App. 1984); *Denison v. State*, 651 S.W.2d 754, 761 (Tex.Crim.App.1983); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973). Even if prosecutorial jury argument falls outside of the four permissible areas, the improper jury argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial proceedings. *See Franklin v. State*, 693 S.W.2d 420, 429 (Tex.Crim.App.1985); *Brown v. State*, 692 S.W.2d 497, 502 (Tex.Crim.App. 1985); *Cannon v. State*, 668 S.W.2d at 404

(*citing Todd v. State,* 598 S.W.2d 286, 297 (Tex.Crim.App.1980)). We have reviewed the argument of the prosecutor in the case at bar and, in light of the record as a whole, we find it to be so manifestly improper as to constitute reversible error.

The jury instructions on parole law provide:

You may consider the existence of the parole law and good conduct time. However, *you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.*

(emphasis added). TEX.CODE CRIM. PROC.ANN. art. 37.07 § 4(a) (Vernon Supp.1986). Clearly, the prosecutor's argument was an attempt to persuade the jury to disregard the emphasized portion of the court's charge set forth above. The prosecutor argued:

[I]n this particular case, because it is an aggravated robbery, any sentence that you give will be cut by effect of the parole laws.

\* \* \* \* \* \*

So, I'm asking for a twenty year sentence, calendar time in the penitentiary. In order to accomplish that, you must give at least a sixty-year sentence in order to keep him in the penitentiary for twenty calendar years. Okay?

This argument urges the jury to act contrary to the instructions contained in the court's charge by applying the parole laws to this particular defendant. Furthermore, the prosecutor's argument is a misstatement of the law. The prosecutor implies that the *only way* the defendant could possibly serve twenty calendar years in the penitentiary is if the jury assesses a sixty-year sentence. This is not true. It is possible that the defendant might never be paroled at all, and that, therefore, given a twenty-year sentence, he would serve twenty years in the penitentiary. An argument which contains a statement of law contrary to the court's charge is error. *Burke v. State,* 652 S.W.2d 788, 790 (Tex.Crim.App.

1983) (en banc); *see also Cook v. State,* 540 S.W.2d 708, 710 (Tex.Crim.App.1976).

The prosecutor's argument in the case at bar was error, was manifestly improper, and was so prejudicial that even had an objection been raised, an instruction to disregard would not have cured the error. *See Clanton v. State,* 528 S.W.2d 250, 254 (Tex.Crim.App.1975); *Borgen,* 682 S.W.2d at 624. After reviewing the prosecutor's argument in light of the entire record, we are unable to conclude beyond a reasonable doubt that the prosecutor's argument did not affect the jury's verdict in assessing punishment at sixty years. *See* TEX.R. APP.P. 81(b)(2).

The State contends: (1) that the argument, if improper, "was rendered harmless by the court's admonition to the jury contained in the charge"; (2) that the argument was permissible as "a paraphrasing of the information which the jury was given in the court's charge"; and (3) that the argument was invited. We disagree with each of the State's contentions.

■ First, the State cites no authority for its proposition that a prosecutor may argue contrary to the charge because any error is cured by the instructions contained in the charge itself. We find the State's argument meritless. The law is settled that a prosecutor commits error in stating that the law is contrary to the law contained in the court's charge. *See Burke,* 652 S.W.2d at 790; *Cook,* 640 S.W.2d at 710; *Singleton v. State,* 479 S.W.2d 672, 674 (Tex.Crim.App.1972), *quoting Daywood v. State,* 157 Cr.R. 266, 248 S.W.2d 479, (Tex.Crim.App.1952).

■ We agree with the State that a prosecutor may paraphrase and explain the law contained in the court's charge. The prosecutor may even explain or paraphrase the parole law as recited in court's charge. *See Sandlin v. State,* 477 S.W.2d 870, 873 (Tex.Crim.App.1972). However, in the case at bar, the prosecutor implied that the jury should disregard the instructions contained in the court's charge by applying the parole laws to this defendant by sentencing him to sixty years confinement so that he would

serve "twenty calendar years." Clearly, in the instant case, the prosecutor's argument goes beyond mere "paraphrasing of the law contained in the court's charge."

■ The State next contends that the prosecutor's argument was invited by defense counsel. We disagree. Immediately prior to the complained of argument by the prosecution, defense counsel made the following argument:

Review the facts in your own mind, review the facts that he's been in trouble before and review the facts that because of that he should not be just cast away and disregarded and warehoused in prison. Prison really can be a time where a person can be rehabilitated, and each time he's been there, he's come out a better person. Well, he is a young man. Obviously, a long-term prison sentence is going to impact his life greatly. I ask you to please do justice, but please temper it with mercy.

Thank you.

The State asserts that the above argument by defense counsel was "[o]bviously ... calculated to lead the jury to the conclusion that a long sentence given would be a long sentence served." We hold that defense counsel's argument did not in any way broach the subject of parole laws or their effect on the defendant. *Cf. Franklin v. State*, 693 S.W.2d 420, 429 (Tex.Crim.App. 1985) (holding that defense counsel had invited prosecutor's comments on parole law). The prosecutor's argument in the present case was not invited by defense counsel.

Jones' third point of error is sustained. The judgment is reversed, and the cause is remanded.