Affirmed and Memorandum Opinion filed October 8, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01116-CR

____________

 

RODERICK DION BARNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 400th District
Court

Fort Bend County,
Texas

Trial Court Cause No. 45,865A

 



 

M E M O R A N D U M   O P I N I O N

After a guilty plea, appellant was convicted of the offense
of aggravated assault with a deadly weapon.  The jury sentenced him to
confinement for fourteen years in the Institutional Division of the Texas
Department of Criminal Justice.  In his sole point of error, appellant claims
the State=s argument during the punishment phase concerning parole law was
reversible error.








The record reflects no objection was made to the State=s argument and appellant admits there
was no objection.  Appellant concedes that generally failure to object results
in waiver of any error in the State=s argument.  Appellant, however,
asserts there is an exception when the argument is so prejudicial that an
instruction to disregard would not cure the harm.  The authority relied upon by
appellant[1] was overruled
by the Texas Court of Criminal Appeals in Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996) in which the court stated:

. . .[W]e hold a
defendant's failure to object to a jury argument or a defendant's failure to
pursue to an adverse ruling his objection to a jury argument forfeits his right
to complain about the argument on appeal.  Any prior cases to the contrary such
as Montoya [v. State, 744 S.W.2d 15, 37 (Tex. Crim. App. 1987)] and Romo
[v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982)] are expressly
overruled.  Before a defendant will be permitted to complain on appeal about an
erroneous jury argument or that an instruction to disregard could not have
cured an erroneous jury argument, he will have to show he objected and pursued
his objection to an adverse ruling.         

In the present case, appellant did not object to the State=s argument.  Accordingly, he has not
preserved that issue for appellate review.  See Newby v. State,
252 S.W.3d 431, 439 (Tex. App. B Houston [14th Dist.] 2008, pet. ref=d); and Johnson v. State, 233
S.W.3d 109, 113 (Tex. App. B Houston [14th Dist.] 2007, no pet.).  Appellant=s issue is overruled and the judgment
of the trial court is affirmed.

PER CURIAM

Panel
consists of Justices Anderson, Guzman, and Boyce.

Do not
publish - Tex. R. App. P. 47.2(b).

 









[1]  In support of his assertion, appellant cites Romo
v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982), Jones v. State,
725 S.W.2d 770, 771 (Tex. App. B  Dallas 1987,
pet. ref=d), and Short v. State, 681 S.W.2d 652, 656
(Tex. App. B Houston [14th Dist.], 1984, pet. ref=d).  Both Jones and Short rely upon Romo
as authority.