

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00046-CR

---

Jeremiah Nevarez, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 379th District Court
Bexar County, Texas
Trial Court No. DC2022CR10881

---

## MEMORANDUM OPINION[1]

Appellant Jeremiah Nevarez appeals his conviction for the first-degree murder of Andrew Rangel, arguing it should have been reduced to a second-degree felony because he acted under the immediate influence of sudden passion. Finding no error, we affirm.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

# I. BACKGROUND

In May 2022, Nevarez was driving on Interstate 35 and shot at a vehicle driven by Rangel, killing him. The only testifying witness was Jacqueline Soto, an ambulance driver who was also on Interstate 35 that afternoon. She testified that she saw two vehicles behind her "coming a little fast," one almost hitting her.[2] Shortly afterward, as shown by video from Soto's dash camera, Rangel passed her followed by Nevarez. Approximately 20 seconds later, Nevarez fired four shots at Rangel's car, fatally hitting him in the chest.

Nevarez pled guilty to murder, but during the punishment phase, asserted that he acted under the influence of sudden passion. The jury rejected that defense and sentenced him to 60 years.

On appeal, Nevarez argues that (1) the State's closing argument misstated the law of sudden passion; (2) the definition of sudden passion included in the jury charge was unintelligible; and (3) the evidence was legally and factually insufficient to support the jury's rejection of his sudden passion claim.

# II. ANALYSIS

## A. Sudden passion

Murder is a first-degree felony with a sentence range of 5 to 99 years or life. Tex. Penal Code Ann. §§ 12.32(a); 19.02(c). During the punishment phase, however, the offense can be reduced to a second-degree felony with a punishment range of 2 to 20 years if the defendant proves by a preponderance of the evidence that he caused the death of the victim "under the immediate influence of sudden passion arising from adequate cause." *Id*. § 19.02(d). Sudden passion is statutorily defined as "passion directly caused by and arising out of provocation by the individual

---

[2] This cannot be seen on the video from Soto's dash camera, but Soto can be heard calmly commenting that there was almost a wreck.

killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation." *Id*. § 19.02(a)(2). "The core concept [of the sudden passion defense] is that a person's mental state has rendered him incapable of rational thought and collected action." *Swearingen v. State*, 270 S.W.3d 804, 820 (Tex. App.—Austin 2008, pet. ref'd).

**B. Statement of the law during closing argument**

During its closing, the State argued several times that Nevarez did not "get to" shoot Rangel in response to being cut off while driving. In particular, the prosecutor stated:

> This [PowerPoint slide] is the self-defense. I had this slide here just to remind y'all we are done with that, right. We are past that. That was guilt/innocence. We're past that. But I have these hypotheticals that we talked about in jury selection. And the bottom one, if someone punches you in the face and runs off, can you shoot that person? And that's pretty similar to what we're talking about here. Somebody cuts you off or almost cuts you off, I mean I think the punching is even worse [.]

> .      .      .

> So if somebody cuts you off, you don't get to chase that person down and shoot them dead. That's ridiculous.

> .      .      .

> Let's talk a little about sudden passion . . . The classic example: Husband comes home from work, finds his wife in bed with another man, shoots that man dead, right. That's sudden passion. Or . . . you walk in on somebody molesting your child, you shoot that man dead. They're trying to say this case is sudden passion. How could you be passionate about somebody who almost cuts you off or almost hits you in traffic? That doesn't make any sense.

> .      .      .

> If somebody cuts you off in traffic, if somebody almost hits you, you don't get to chase that person down in your car, get even with them, and then fire four shots into their car. That doesn't lower the range of punishment. It's absurd.

> .      .      .

> I want y'all to ask yourselves when you're deliberating back there, what kind of place do you want to live? Do you want to live in the type of place where if you're speeding, where if you almost hit somebody, whatever that means to the person

3

with the gun, they get to chase you down in a car and shoot you dead? Is that the type of place you want to live in?

Nevarez contends that the State's closing argument was improper because a successful sudden passion defense does not mean that a defendant "gets to" shoot someone. Sudden passion does not excuse the criminal offense; it only reduces the level of the offense and severity of the sentence. Nevarez also contends that the State's closing argument could have led jurors to believe that they could not find he acted in sudden passion without also finding that his acts were justified, as with self-defense. We review a trial court's ruling on an objection to closing argument for an abuse of discretion. *Milton v. State*, 572 S.W.3d 234, 240 (Tex. Crim. App. 2019)

### (1) Preservation of error

The State argues that Nevarez failed to preserve error. To preserve a complaint for appeal, it must be "made to the trial court by a timely request, objection or motion that [] stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]" Tex. R. App. P. 33.1(a)(1)(A).

Nevarez objected twice. First, when the State showed a slide about self-defense and compared the situation to one person shooting another after being punched in the face, Nevarez objected that self-defense was not asserted and not at issue. Later, after the State gave examples of sudden passion including a man finding his wife in bed with another man or discovering that his child is being molested, Nevarez objected on the ground that sudden passion did not have to fall into one of those categories. However, Nevarez did not object to the three statements he complains of now—that a driver does not "get to" shoot someone for traffic violations. Error is not preserved unless the objection at trial comports with the complaint made on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc). In addition, "[a] defendant must object each time

4

an improper argument is made, or he waives his complaint, regardless of how egregious the argument." *Temple v. State*, 342 S.W.3d 572, 603 (Tex. App.—Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013); *also c.f. Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) ("In order to preserve error, the objecting party must continue to object each time the objectionable evidence is offered."). Because Nevarez did not object each time the challenged statements were made and because his objections were different at trial than on appeal, he failed to preserve error.

### (2) No misstatement of the law

Even had Nevarez preserved his complaint, we would find no error. A claim of sudden passion requires the defendant to prove more than that he acted out of fear or anger. "The claim is not available in the case of someone 'whose actual emotional responses are aberrational in this society.'" *Marquez v. State*, 697 S.W.3d 485, 510–11 (Tex. App.—El Paso 2024, pet. ref'd) (quoting *Lopez v. State*, 716 S.W.2d 127, 129 (Tex. App.—El Paso 1986, pet. ref'd)). The defendant must also prove that his fear or anger arose from an adequate cause. Tex. Penal Code Ann. §19.02(d). Adequate cause is defined as a "cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id.* §19.02(a)(1). In arguing that drivers do not "get to" shoot other drivers for dangerous driving, the State was essentially arguing that Rangel's driving was not an adequate cause for Nevarez's deadly reaction. *Williams v. State*, 814 S.W.2d 163, 167 (Tex. App.—Houston [14th Dist.] 1991), *aff'd*, 893 S.W.2d 549 (Tex. Crim. App. 1995) ("The State may paraphrase or explain the charge as long as it does not assert legal propositions contrary to that charge."); *Jones v. State*, 725 S.W.2d 770 (Tex. App.—Dallas 1987, pet. ref'd) (same). Moreover, during closing, the State did not argue simply that a person does not "get to" shoot someone who cuts them off in traffic, which could lead a jury to think sudden passion was a defense to the

commission of crime resulting in no punishment. The State also clarified that sudden passion only affected the range of punishment, stating, "If somebody cuts you off in traffic . . ., you don't get to chase that person down . . . and then fire four shots into their car. That doesn't lower the range of punishment."

We overrule Nevarez's first issue.

### C. Jury instruction

The jury charge included the following definition:

> "Sudden passion" means passion directly caused by and arising out of provocation by the individual killed or another acting with the person *killed which passion* arises at the time of the offense and is not solely the result of former provocation. (emphasis added)

Nevarez argues that this definition is incomprehensible unless the second use of the word passion in the phrase "which passion," italicized above, is removed. Nevarez did not object to the charge at trial but argues that he is entitled to reversal because he was egregiously harmed. *Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (unpreserved jury charge error is reversible if it caused egregious harm).

The charge's definition of sudden passion tracks the statutory definition verbatim. Tex. Penal Code Ann. § 19.02(a)(1) ("'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation."). "A jury charge which tracks the language of a particular statute is a proper charge on the statutory issue."[3] *Riddle v. State*, 888 S.W.2d 1, 8 (Tex. Crim. App. 1994) (en banc), *cert. denied*, 514 U.S.

---

[3] Nevarez cites to *Davis v. State* for the proposition that the statutory definition of "sudden passion" is flawed and must be modified to make sense. *Davis v. State*, No. 05-22-01145-CR, 2025 WL 875383 (Tex. App.—Dallas Mar. 20, 2025, no pet.) (mem. op., not designated for publication). In that case, the defendant challenged the sufficiency of the evidence to support the jury's rejection of his sudden passion claim. *Id*. at *6. In discussing the applicable law, the court of appeals paraphrased the definition of sudden passion; however, the jury charge regarding sudden passion was

1068 (1995). In addition, we do not find that the statutory definition is incomprehensible as Nevarez claims and apparently, neither does the Legislature. Through various enactments and amendments, the definition has always used the phrase that Nevarez says is erroneous—"which passion." *Compare* Tex. Penal Code Ann. § 19.02(a)(2) *with* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 913 (former Tex. Penal Code Ann. § 19.04(b), (c)), *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3614.

We overrule Nevarez's second issue.

### D. Sufficiency of the evidence

The jury found that Nevarez did not prove by a preponderance of the evidence that he caused Rangel's death under the immediate influence of sudden passion. Nevarez argues in his third issue that this finding was not supported by legally and factually sufficient evidence.

### (1) Standard of review

Although sudden passion is a punishment issue, it is like an affirmative defense in that the defendant has the burden to prove the defense by a preponderance of the evidence. *Bullock v. State*, 673 S.W.3d 758, 763–64 (Tex. App.—Dallas 2023, no pet.). We review the sufficiency of the evidence of affirmative defenses and claims of sudden passion using the same standards used in civil cases. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). For challenges to the legal sufficiency of the evidence:

> [W]e construe the issue as an assertion that the contrary was established as a matter of law. We first search the record for evidence favorable to the finding, disregarding all contrary evidence *unless a reasonable factfinder could not.* If we find no evidence supporting the finding, we then determine whether the contrary was established as a matter of law.

---

not at issue, and the court did not state that the statutory definition had to be altered to be understandable. The court's explanation of sudden passion in its own words was not a holding that the Penal Code's definition is unintelligible.

*Id*. at 669 (quoting *One Ford Mustang, VIN 1FAFP40471F207859 v. State*, 231 S.W.3d 445, 449 (Tex. App.—Waco 2007, no pet.) (emphasis in original)). For a factual sufficiency challenge, we consider all the evidence and reverse only if the verdict "is so much against the great weight of the evidence as to be manifestly unjust, conscience-shocking, or clearly biased." *Id*. at 671.

### (2) Application

Nevarez claims that the evidence was insufficient because there was "no evidence that the two men knew each other, that [Nevarez] had any motive, or there was a previous provocation." While these factors would be relevant to a sudden passion claim, their absence does not amount to conclusive, or even overwhelming, proof that Nevarez acted under the influence sudden passion in response to an adequate cause.

Nevarez argues that Rangel "provoked [Nevarez] in such a way that led to [Nevarez] becoming absolutely enraged." But the record has no evidence of this. The only witness to what happened immediately prior to the shooting was Soto and she provided no specific testimony about what, if anything, Rangel did to provoke Nevarez. Soto testified that, in her rear-view mirror, she saw Nevarez's and Rangel's vehicles "coming a little fast" and "one of the vehicles almost did hit [her]. When questioned by the defense, Soto agreed that she "saw something that was almost an accident" and was "scared because [she] could have been involved in a wreck." This was the extent of her description. She never testified about which vehicle almost hit her or whether one almost hit the other. Nor does her dash camera video show what occurred between Nevarez and Rangel before their vehicles passed her.

The jury also heard evidence that the day before the shooting, Rangel told his girlfriend that he cut someone off in traffic and that person chased him for miles and displayed a gun. Nevarez argues that his sudden passion claim "is almost cemented" because "another person reacted the *same exact way* . . . to Rangel's driving." Even if one other driver's reaction was enough evidence

8

to show that there was adequate cause for Nevarez's fear or anger, there is no evidence about what happened between Rangel and the other driver and the other driver did *not*, in fact, react in the same exact way because that person did not fire a gun at Rangel. There was no conclusive evidence about what happened on the Interstate between Rangel and Nevarez nor any evidence that what occurred between them "would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection." *Id.* §19.02(a)(1). Because of the lack of details about an issue for which Nevarez had the burden, the jury's verdict rejecting the sudden passion claim was not against the great weight of the evidence. We hold that the jury's verdict was supported by legally and factually sufficient evidence.

We overrule Nevarez's third issue.

## III. CONCLUSION

The judgment below is affirmed.


                                                MARIA SALAS MENDOZA, Chief Justice

January 6, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)