**Howard Lee CLAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00087–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 12, 1987.

S. Michael McColloch, David W. Coody, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before STEPHENS, STEWART and BAKER, JJ.

STEPHENS, Justice.

Howard Lee Clay was convicted of aggravated robbery. Punishment was assessed at fifty years' confinement. Appellant raises four points of error, claiming: (1) that the parole law instructions ("parole instructions") contained in the court's charge to the jury are unconstitutional as violative of the Texas Constitution's sepa-

ration of powers doctrine between the judicial and executive branches of government; (2) that the parole instructions are unconstitutional because they violate due process; (3) that the parole instructions violate the separation of powers doctrine between the legislative and judicial branches of the government; and (4) that a jury argument made by the prosecutor at the punishment phase of the trial constituted reversible error. We sustain appellant's fourth point of error, and reverse the judgment of the trial court.

At the punishment stage of trial, the prosecutor made the following argument:

First of all, I want to direct your attention to the Court's Charge. Read it carefully. Specifically to the third page, in the last paragraph, in which it says you may consider the existence of the parole law and good conduct time.

Now, ladies and gentlemen, it's simple arithmetic, *as the Court has laid it out in its Charge, how the parole law might be able to be applied to this particular case.* The parole law, according to the Judge's instructions, says that the defendant or an individual sentenced for this type of offense could be paroled when he has served a calendar third of his sentence or twenty years, whichever comes first. That means that the break-even point under those instructions is a sixty-year sentence.

What that means, a third of that means that the defendant, a defendant, could be paroled on a sixty-year sentence in twenty calendar years. So, a sixty-year sentence, really, under the Charge, as the Judge has given you, really doesn't have to mean a sixty-year sentence, that under our existing parole law, that a defendant could be released from prison on parole after serving only a third of that sentence.

Now, the Judge says you can consider the existence of that law, but we don't know how the law may apply to this particular defendant because we don't know how he gonna behave down you [sic] there in the Texas Department of Corrections. If he behaves well, he may get out when he's supposed to. If he

doesn't, they may keep him there a little longer, and that's why we cannot ask you to consider how it may apply to him, because we can't predict the future. *But the Judge says you can consider the existence of that law and how it may affect the verdict that you give in this case.*

Now, ladies and gentlemen, based on that law and how it may affect a sentence in an aggravated robbery and based on the evidence that you've heard about how this defendant committed this robbery and based on his record, where he was on probation when this happened for two robberies and a theft from a person, felony offenses, now I hope you'll understand why I told you flat out yesterday the State was going to be asking for a maximum sentence.

(emphasis added). Appellant made no objection to this argument.

■ At the outset, we must address the issue of whether appellant has waived any claim of error because of his failure to object to the State's argument. Generally, in order to preserve error based on an improper argument by the State, a defendant must make a timely objection. *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Crim. App.1983); *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App.1982). However, when the argument of the prosecutor is so prejudicial that an instruction to disregard would not cure the harm, an objection is not necessary to preserve error. See *Romo*, 631 S.W.2d at 505; *Jones v. State*, 725 S.W.2d 770, 771 (Tex.App.—Dallas 1987, pet filed).

In the present case, we find that the prosecutor's argument was so prejudicial that an instruction to disregard would not have cured the harm. As a result, no objection was necessary to preserve error. *Jones*, 725 S.W.2d at 771.

■ The scope of proper jury argument is: (1) summation of the evidence; (2) any reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Compton v. State*, 607 S.W.2d 246, 253

(Tex.Crim.App.1980), *cert. denied* 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973). It is not error for the State to quote or paraphrase the trial court's charge to the jury, even if the charge instructs the jury not to discuss the parole laws. *Jones v. State*, 641 S.W.2d 545, 550 (Tex.Crim.App.1982). However, it is error for the State to present a statement of the law that is contrary to that presented in the charge to the jury. *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Crim. App.1983); *Mauldin v. State*, 628 S.W.2d 793, 795 (Tex.Crim.App.1982).

In the present case, the court's charge to the jury read:

> You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. *You are not to consider the manner in which the parole law may be applied to this particular defendant.*

(emphasis added). This instruction is authorized by TEX.CODE CRIM.PROC.ANN Art. 37.07 § 4(a) (Vernon Supp.1987). The argument of the State, that the jury *could* consider how the parole laws may affect the verdict of the jury in the instant case, clearly misstates the law given in the charge.

However, error in a jury argument will not result in reversal of a case unless the argument is manifestly improper, harmful, and prejudicial, or where a mandatory provision of a statute is violated, or some new and harmful fact is injected into the case. *McKay v. State*, 707 S.W.2d 23, 36 (Tex. Crim.App.1985), *cert. denied* —— U.S. ——, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Basaldua v. State*, 481 S.W.2d 851, 855 (Tex. Crim.App.1972). We must examine the erroneous argument by this standard to determine whether the prosecutor committed reversible error.

■ Texas courts have consistently held that juries may not consider parole laws in assessing the defendant's punishment. *Clark v. State*, 643 S.W.2d 723, 724 (Tex. Crim.App.1982); *Marshburn v. State*, 522 S.W.2d 900, 901 (Tex.Crim.App.1975); *Hernandez v. State*, 366 S.W.2d 575, 576 (Tex. Crim.App.1963). In *Hernandez*, for example, reversible error was found, in spite of timely objection and order to the jury to disregard, in the following argument of the State:

> Therefore, I say this, that I feel confident that when you send him, that he has been rehabilitated they will turn him loose.

*Hernandez*, 366 S.W.2d at 576. The Court noted that the jury was told in effect that "it did not matter how long a term was assessed." *Id.* Thus, an argument of the State that minimizes the importance of the actual sentence assessed by the jury, and thus encourages the jury to assess a greater sentence, is manifestly improper and prejudicial. *See also Clark*, 643 S.W.2d at 724; *Marshburn*, 522 S.W.2d at 901; *Jones*, 725 S.W.2d at 771.

■ In the present case, the State's argument was very similar to the argument condemned by this Court in *Jones*. The prosecutor argued at length concerning the minimum sentence that appellant would be required to serve due to operation of the parole laws. Even without the mischaracterization of the court's charge in this case, the argument of the State came "dangerously close to crossing the statutory line of permissible argument" and encouraging discussion of the parole laws. *Davis v. State*, 712 S.W.2d 827, 829 (Tex.App.— Houston [1st] 1986, no pet.). When the prosecutor incorrectly told the jury that they *could* consider how the parole law would be applied to appellant, his misstatement of the law, combined with the detailed explanation of the "mechanics" of parole eligibility, was tantamount to telling the jury to disregard the charge of the court on the applicable law and to apply the parole laws. Such an argument is clearly and grossly improper and prejudicial and cannot be permitted. *Clanton v. State*, 528 S.W.2d 250, 254 (Tex.Crim.App.1975). Further, we cannot say beyond a reasonable doubt that the State's argument made no contribution to the punishment assessed.

TEX.R.APP.P. 81(b)(2). Appellant's fourth point of error is sustained.

Because of our disposition of this case, we need not address appellant's first three points of error. The judgment of the trial court is reversed, and the cause remanded for a new trial.