Lawson v. State 















IN THE
TENTH COURT OF APPEALS
 

                                           No. 10-96-169-CR

     GILBERT LAWSON III,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 8512-A
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      A jury found Gilbert Lawson III guilty of attempted murder and assessed punishment of ten
years' incarceration, probated for ten years, and a $10,000 fine. See Tex. Penal Code Ann. §§
15.01, 19.02 (Vernon 1994). Sentence was imposed on June 26, 1996, and Lawson, who was
represented by counsel at trial, filed a timely pro se notice of appeal on July 26. Although the
transcript was filed in this court on August 27, no statement of facts followed. Accordingly, on
November 20, we abated the cause to the trial court for a determination of, among other things,
why a statement of facts has not been filed, whether Lawson desires to continue the prosecution
of his appeal, and whether he is indigent.
      On December 6, 1996, the trial court conducted a hearing pursuant to our abatement order,
and on December 11 both a statement of facts from the hearing and the trial court's findings of fact
and conclusions of law were filed in this court. Based upon the testimony adduced at the hearing
and the admission of a single exhibit, the trial court made the following relevant findings and
conclusions: (1) that Lawson wishes to continue the prosecution of his appeal; (2) that Lawson is
not indigent; (3) that Lawson claims to have hired an attorney named Alfonzo R. Greenidge to
represent him on appeal; (4) that Lawson had received a number of letters from the Tenth Court
of Appeals; (5) that Lawson had not forwarded any of these letters to Greenidge; (6) that one of
these letters had not been opened despite being received days earlier by Lawson; (7) that
Greenidge had not contacted the trial court in any manner; (8) that Lawson left a message on the
court reporter's answering machine approximately six weeks earlier requesting that a statement
of facts be prepared; (9) that in the message Lawson did not include a return telephone number;
(10) that Lawson made no further attempt to contact the court reporter; and (11) that "[Lawson's]
conduct in pursuit of the appeal exhibit[ed] indifference to the appellate process and complete
disregard for appellate time schedules." Moreover, although the trial court made no specific
findings in this regard, it appears from the statement of facts from the abatement hearing that
neither Lawson nor Greenidge has properly requested that the court reporter prepare a statement
of facts. On January 8, 1997, we received a letter from Greenidge stating that Lawson contacted
him sometime in the spring of 1996 about possibly representing him on appeal; that he instructed
Lawson to determine from the court reporter the cost of a statement of facts before a suitable fee
agreement could be arranged; and that Lawson never responded to him about the cost of the
statement of facts or anything else involving Greenidge's proposed representation of Lawson on
appeal.
      Also on January 8, 1997, we issued an opinion wherein we concluded that the reason a
statement of facts had not been timely filed in this case was due to Lawson's own dilatory conduct
and that, as a consequence, we would not permit him to file one. In the same opinion, we ordered
Lawson to file within thirty days a brief based on the transcript, alone.
      On January 23, Lawson filed a pro se motion requesting that we extend the time for him to
file his brief by ninety days. The reasons Lawson gave for needing the extension included: (1)
difficulty in obtaining an estimate of the cost of the "trial transcript"; (2) the district attorney's
refusal to present him with documents from the trial; and (3) the refusal of law enforcement
officials to provide him with exculpatory witness statements. We recognized at the time that there
was no basis for Lawson's request. A true transcript had already been filed in this court in August
1996, and we had previously ordered that the "transcript" to which Lawson was referring, which
we presume to be the statement of facts, was not to be filed. Nevertheless, we granted Lawson
partial relief by extending the deadline for his brief by thirty-one days, i.e., until March 10.
      March 10 passed without any documents being filed by Lawson, and consequently, we sent
him a notice that his appeal might be dismissed for want of prosecution unless within ten days he
demonstrated sufficient grounds for continuing the appeal. See Tex. R. App. P. 74(l). On March
27, Lawson filed another pro se motion to extend the time in which to file his brief. In the
motion, he repeated the reasons he gave in his earlier motion for why an extension was necessary,
and he also stated that he was in the process of hiring a lawyer. Along with the motion for an
extension, Lawson submitted to this court copies of motions filed in the trial court that same day. 
In these motions, Lawson requested (1) that the court reporter prepare a statement of facts; (2) that
the trial court order the district attorney to tender to Lawson certain trial documents; and (3) that
the trial court order certain law enforcement officials to provide Lawson with access to certain
exculpatory witness statements.
      We deny Lawson's motion for an extension. As should be clear to Lawson from our January
8, 1997, opinion, we will not permit him to file a statement of facts in this cause. Furthermore,
the transcript has already been filed. Thus, all the documentation that we may consider in his
appeal is already before this court. There is, consequently, no basis for his argument that he needs
more time for the preparation of more documentation for this court to consider on appeal. The
motion for an extension of time to file his brief is denied.
      Neither will we permit Lawson to untimely file an appellate brief. Rule of Appellate
Procedure 74(l)(2) provides that in the event a brief is not filed on behalf of the appellant within
the time prescribed, the appellate court shall remand the cause to the trial court to determine
whether counsel has been negligent in filing an appeal, whether the appellant desires to prosecute
his appeal, or whether substitute counsel must be appointed if an indigent appellant desires to
prosecute his appeal. Tex. R. App. P. 74(l)(2); see Lott v. State, 874 S.W.2d 687, 688 n.2 (Tex.
Crim. App. 1994). However, when a non-indigent appellant chooses to appear pro se on appeal,
there is no need to remand for a Rule 74(l)(2) hearing. See Tex. R. App. P. 74(l)(2) ("If the trial
judge finds that the appellant . . . is not indigent but has failed to make necessary arrangements
for filing a brief, the appellate court may consider the appeal without briefs, as justice may
require."); see also Lott, 874 S.W.2d at 688 n.2 (citing Coleman v. State, 774 S.W.2d 736 (Tex.
App.—Houston [14th Dist.] 1989, no pet.)).
      The trial court at the December 6, 1996, abatement hearing found that Lawson was not
indigent and that he could afford to hire his own counsel on appeal. Lawson, nevertheless, despite
expressing an intention to hire a lawyer, never did so; he instead has been proceeding in this
appeal pro se. At the abatement hearing, the trial court found that from the time his appeal was
perfected until the time of the hearing Lawson had repeatedly failed to timely file the documents
necessary for the prosecution of his appeal. We similarly find that from the time of the abatement
hearing until the present Lawson has persisted in failing to timely file the documentation necessary
for the prosecution of this appeal. Moreover, we agree with the trial court that these delays are
due to Lawson's own dilatory conduct. Therefore, we will consider Lawson's appeal without the
benefit of either a statement of facts or an appellant's brief.
      We have reviewed the entire record before us, and having found no unassigned fundamental
error, we affirm the judgment of the trial court. See Lott, 874 S.W.2d at 688.
      The judgment is affirmed.
                                                                                     PER CURIAM

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Motion for an extension of time to file brief denied
Judgment affirmed
Opinion issued and filed April 9, 1997
Do not publish




been there, so you can be eligible for parole in less than 25 percent of your time. And
that is something that may be considered in assessing punishment. (emphasis added).

      Jury arguments are proper if they fall within the following four categories: (1) summation of
the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing
counsel, and (4) plea for law enforcement. Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim.
App. 1997); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). While it is not
error for the State to quote or paraphrase the jury charge, it is error for the State to present a
statement of the law that is contrary to that presented in the charge to the jury. Whiting v. State,
797 S.W.2d 45, 48 (Tex. Crim. App. 1990); Jones v. State, 641 S.W.2d 545, (Tex. Crim. App.
1982). See also Clanton v. State, 528 S.W.2d 250 (Tex. Crim. App. 1975) (argument where State
told jurors that while they could not discuss how long the appellant would be required to serve any
sentence they imposed, they could “consider this” in assessing punishment was found to be error);
Clay v. State, 741 S.W.2d 209 (Tex. App.—Dallas 1987, pet. ref’d) (argument that the jury could
consider how the parole laws may affect the verdict of the jury misstated the law given in the
charge and was error).
      Following an objectionable argument, an instruction by the court to disregard the comment
will normally obviate the error, unless the remark is so inflammatory that its prejudicial effect
cannot reasonably be removed by such an admonishment. Perez v. State, 994 S.W.2d 233, 236-37
(Tex .App.—Waco 1999, no pet.). Moreover, in order for an improper argument to rise to a level
mandating reversal, the argument must be "extreme or manifestly improper, violative of a
mandatory statute, or inject new facts harmful to the accused." Carlock v. State, 8 S.W.3d 717,
723 (Tex. App.—Waco 2000, no pet.); Id.
      Assuming that the last sentence of the State’s argument in this case suggested to the jury that
it may consider the effect of parole and good time credit, contrary to the court’s charge, the failure
of Beck’s counsel to object would satisfy the first prong of Strickland. 
      The question then becomes, was Beck prejudiced by his counsel’s failure to object? We do
not believe he was. The argument made was not of the type that it was so prejudicial that an
instruction to disregard would not cure the prejudicial effect. Additionally, the State made a
passionate plea for law enforcement against drug dealers in Freestone County. The jury could
properly have taken that plea into account when assessing the sentence. Further, a twelve year
sentence out of a possible twenty years does not indicate that the jury was prejudiced by the State’s
argument and counsel’s lack of objection. Beck failed to meet the second prong of Strickland. 
We overrule his sole issue in cause number 10-01-153-CR.
Conclusion
      Having overruled Beck’s sole issue in each conviction, we affirm the judgment in each appeal. 

                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 10, 2002
Do not publish
[CR25]