IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00238-CR

 

Charles Gene Scott,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 413th District
Court

Johnson County, Texas

Trial Court No. F41235

 



MEMORANDUM  Opinion



 

Appellant Charles Gene Scott was charged
by indictment with the offense of tampering with physical evidence.  After a
bench trial, the court found Scott guilty and assessed his punishment, enhanced
by two previous felony convictions, at twelve years’ imprisonment.  By one
issue, Scott contends that the evidence is legally insufficient to support his
conviction.  We will affirm.

When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we
must determine whether, after viewing all the evidence in the light most
favorable to the verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560
(1979).  Our duty is to determine if the finding of the trier of fact is
rational by viewing all of the evidence admitted at trial in the light most
favorable to the verdict.  Adelman v. State, 828 S.W.2d 418, 422 (Tex.
Crim. App. 1992).  In doing so, any inconsistencies in the evidence are
resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The evidence viewed in the light most
favorable to the finding of guilt is as follows.  Sometime after 5:00 a.m. on January 21,
2007, Cleburne Police Officer Brian Proctor observed Scott leaving the front
yard of the residence located at 319 Hollingsworth in Cleburne, Texas, a “known
location for using and distributing narcotics,” specifically crack-cocaine. 
Officer Proctor recognized Scott as a resident of the neighborhood.  On an
earlier occasion, Scott had informed Officer Proctor that he had been hooked on
crack-cocaine for approximately thirty years, and Officer Proctor had told
Scott to stay away from 319 Hollingsworth if he wanted to “get clean.”  Scott
began riding down the street on a bicycle that had no front or rear light,
which is a violation of a city ordinance.  Officer Proctor had stopped Scott on
several prior occasions for not having a light on his bicycle, and during at least
one of the prior stops, Officer Proctor had searched Scott’s pockets.  Scott
saw the police officers and was concerned about riding his bicycle by them
because his flashlight was going out.  Scott saw Officer Proctor pulling in
behind him in a patrol car.  Just before Officer Proctor activated his
emergency lights, Scott swerved and threw something into a nearby grassy area
before returning to the street.  It was still very dark in the area that
morning.  Officer Proctor then stopped Scott and asked him what he was doing
out at that time of the morning and what the object was that had come from his
hand.  Scott replied that he was just riding his bicycle.  Officer Proctor then
searched the area where he had observed Scott throw something from his hand and
found “a metal pipe with burnt residue on either end with a metal Brillo Chore
Boy pad inside of it,” an object that Officer Proctor described as “commonly
used to smoke crack-cocaine.”

            A person commits the offense
of tampering with physical evidence if, knowing that an offense has been
committed, he alters, destroys, or conceals any record, document, or thing with
intent to impair its verity, legibility, or availability as evidence in any
subsequent investigation of or official proceeding related to the offense.  Tex. Pen. Code Ann. § 37.09(d)(1)
(Vernon 2003).  It is not enough that the person know his action will
impair the availability of the object as evidence; rather, the person must intend
to impair the object’s availability.  Stewart v. State, 240 S.W.3d 872,
874 (Tex. Crim. App. 2007).  In other words, the person’s conscious objective
or desire must be to impair the object’s availability as evidence in any
subsequent investigation.  Id.; see Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003).

            Citing Pannell v. State,
7 S.W.3d 222, 223-24 (Tex. App.—Dallas 1999, pet. ref’d), Scott first argues
that the evidence is legally insufficient to support his conviction because
“the only investigation that existed at the time Appellant dropped the crack
pipe was violation of a municipal ordinance against bicycle riding with
insufficient lighting.”  Pannell, however, is distinguishable and, thus,
does not support Scott’s conclusion.

            In Pannell, a police
officer initiated a traffic stop after he observed Pannell driving in a school
zone at an excessive speed.  After the officer turned on his emergency lights,
he observed Pannell throw a cigarette out of his car window.  He then saw
Pannell empty the contents of a small plastic bag through the window.  After
Pannell stopped, he told the officer that he had thrown marijuana from the
car.  The court of appeals reversed Pannell’s conviction for destroying
evidence, holding that at the time Pannell threw the marijuana from his car,
the officer was investigating only a speeding violation.  Because no
investigation in which the marijuana would serve as evidence was pending or was
in progress at the time he threw it from his car window, there was no evidence
that Pannell destroyed the marijuana knowing that an investigation was in
progress.[1] 
 Id. at 224.

Unlike the defendant in Pannell
who was apparently charged under Penal Code subsection 37.09(a)(1), which
requires knowledge that an investigation was either pending or in progress, id.
at 223 (citing Tex. Pen. Code Ann. §
37.09(a)(1)), Scott was charged under subsection 37.09(d)(1).  Under subsection
37.09(d)(1), the State is not required to prove that Scott knew an
investigation was pending or in progress, Tex.
Pen. Code Ann. § 37.09(d)(1); therefore, the status of Officer Proctor’s
investigation is irrelevant.

            Next, citing Hollingsworth
v. State, 15 S.W.3d 586, 595 (Tex. App.—Austin 2000, no pet.), Scott
contends that the evidence is legally insufficient to support his conviction
because, instead of concealing the crack pipe, he exposed it to the arresting
officer.  But, Hollingsworth is also distinguishable.  In Hollingsworth,
the defendant was pursued by a police officer.  He went behind a dumpster and
spit out cocaine.  There was evidence that it is very common to carry cocaine
in the mouth, often to avoid being detected.  However, the court held the
evidence was insufficient to show the defendant concealed the cocaine with the
intent to impair its availability as evidence in some kind of investigation,
noting there was no evidence that the defendant saw the police officers in the
case and then put the evidence into his mouth in order to hide it from them.  Id. at 595.  Additionally, the court noted the defendant spit out the cocaine,
exposing it to view.  Id.

            Scott argues that, similarly
to the defendant in Hollingsworth, he normally carried his crack pipe in
his gloves and by dropping it, he was actually exposing it to view rather than
concealing it.  But, the issue in this case is not whether Scott concealed the
crack pipe by carrying it in his gloves.  The issue is whether Scott concealed
the crack pipe by throwing it into the grassy area.

            Viewing the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found that Scott concealed the crack pipe with the intent to impair
its availability as evidence in any subsequent investigation and that this evidence is legally sufficient to support the trial
court’s guilt finding.

            Finally, citing Stewart
v. State, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007), Scott argues that
there is no evidence of his intent to impair the availability of the
crack pipe in any subsequent investigation.  Scott points to his testimony at
trial in which he stated, “Really for myself, I had forgot all about that, the
metal pipe that was in my glove.”  However, we must view all of the evidence in
the light most favorable to the verdict.  Adelman,
828 S.W.2d at 422.  Furthermore, Scott’s conduct alone is sufficient to infer
intent.  See Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); Tyler v. State, 950 S.W.2d 787, 789 (Tex. App.—Fort Worth
1997, no pet.).  As detailed above, the evidence is legally sufficient to support the trial
court’s finding that Scott intended to impair the availability of the
crack pipe as evidence in any subsequent investigation.

            Because the evidence is
legally sufficient to support Scott’s conviction, we overrule his sole issue
and affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed April 29, 2009

Do
not publish

[CR25]








 









[1] The Court of Criminal Appeals recently
concluded that Pannell erroneously added a mental-state requirement that
was not supported by the language of subsection 37.09(a)(1).  See Williams
v. State, 270 S.W.3d 140, 144 (Tex. Crim. App. 2008).  However, because Pannell
is distinguishable, we need not discuss Williams.








four categories: (1) summation of
the evidence, (2) reasonable deduction from the evidence, (3) answer to the argument of opposing
counsel, and (4) plea for law enforcement. Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim.
App. 1997); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). While it is not
error for the State to quote or paraphrase the jury charge, it is error for the State to present a
statement of the law that is contrary to that presented in the charge to the jury. Whiting v. State,
797 S.W.2d 45, 48 (Tex. Crim. App. 1990); Jones v. State, 641 S.W.2d 545, (Tex. Crim. App.
1982). See also Clanton v. State, 528 S.W.2d 250 (Tex. Crim. App. 1975) (argument where State
told jurors that while they could not discuss how long the appellant would be required to serve any
sentence they imposed, they could “consider this” in assessing punishment was found to be error);
Clay v. State, 741 S.W.2d 209 (Tex. App.—Dallas 1987, pet. ref’d) (argument that the jury could
consider how the parole laws may affect the verdict of the jury misstated the law given in the
charge and was error).
      Following an objectionable argument, an instruction by the court to disregard the comment
will normally obviate the error, unless the remark is so inflammatory that its prejudicial effect
cannot reasonably be removed by such an admonishment. Perez v. State, 994 S.W.2d 233, 236-37
(Tex .App.—Waco 1999, no pet.). Moreover, in order for an improper argument to rise to a level
mandating reversal, the argument must be "extreme or manifestly improper, violative of a
mandatory statute, or inject new facts harmful to the accused." Carlock v. State, 8 S.W.3d 717,
723 (Tex. App.—Waco 2000, no pet.); Id.
      Assuming that the last sentence of the State’s argument in this case suggested to the jury that
it may consider the effect of parole and good time credit, contrary to the court’s charge, the failure
of Beck’s counsel to object would satisfy the first prong of Strickland. 
      The question then becomes, was Beck prejudiced by his counsel’s failure to object? We do
not believe he was. The argument made was not of the type that it was so prejudicial that an
instruction to disregard would not cure the prejudicial effect. Additionally, the State made a
passionate plea for law enforcement against drug dealers in Freestone County. The jury could
properly have taken that plea into account when assessing the sentence. Further, a twelve year
sentence out of a possible twenty years does not indicate that the jury was prejudiced by the State’s
argument and counsel’s lack of objection. Beck failed to meet the second prong of Strickland. 
We overrule his sole issue in cause number 10-01-153-CR.
Conclusion
      Having overruled Beck’s sole issue in each conviction, we affirm the judgment in each appeal. 

                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 10, 2002
Do not publish
[CR25]