ACCEPTED
12-14-00126-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/7/2015 4:57:01 PM
CATHY LUSK
CLERK

### No. 12-14-00126-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/7/2015 4:57:01 PM
CATHY S. LUSK
Clerk

## CHRISTOPHER WILEY

### Appellant,

### v.

## THE STATE OF TEXAS

### Appellee

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-1239-13

## ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Don Davidson
P.O. Box 1105
Tyler, TX 75710

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................... ii

TABLE OF CONTENTS............................................................................................... iii

INDEX OF AUTHORITIES ......................................................................................... iv

STATEMENT OF THE CASE......................................................................................... 2

ISSUES PRESENTED .................................................................................................. 2

STATEMENT OF FACTS .............................................................................................. 2

SUMMARY OF THE ARGUMENT ............................................................................... 4

ARGUMENT ............................................................................................................... 4

    **I.    APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT PUNISHMENT** ......................................................... 4

        Relevant Facts............................................................................................. 5

        The State's Argument Was Improper................................................................. 6

        But For Counsel's Failure to Object, The Result May Have Been Different ... 7

CONCLUSION AND PRAYER ...................................................................................... 8

CERTIFICATE OF SERVICE ........................................................................................ 9

CERTIFICATE OF COMPLIANCE................................................................................. 9

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Strickland v. United States,*
    466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984)...................................4, 5

**UNITED STATES FIFTH CIRCUIT COURT OF APPEALS:**

*Lyons v. McCotter,*
    770 F.2d 529 (5th Cir. 1985) ...............................................................5

**TEXAS COURT OF CRIMINAL APPEALS:**

*Bone v. State,*
    77 S.W.3d 828 (Tex.Crim.App. 2002) ...........................................7

*Burnett v. State,*
    88 S.W.3d 633 (Tex.Crim.App. 2002) ...........................................8

*Clark v. State,*
    643 S.W.2d 723 (Tex.Crim.App. 1982) .......................................8 n.1

*Garcia v. State,*
    57 S.W.3d 436 (Tex.Crim.App. 2001) ...........................................5

*Hernandez v. State,*
    366 S.W.2d 575 (Tex.Crim.App. 1963) ..........................................7

*Hernandez v. State,*
    988 S.W.2d 70 (Tex.Crim.App. 1999) ...........................................4

*Mata v. State,*
    226 S.W.3d 425 (Tex.Crim.App. 2007) ..........................................7

*Miniel v. State,*
    831 S.W.2d 310 (Tex.Crim.App. 1992) ..........................................5

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Moore v. State,*
694 S.W.2d 528 (Tex.Crim.App. 1985) ........................................................ 4

*Taylor v. State,*
233 S.W.3d 356 (Tex.Crim.App. 2007) ........................................................ 7

*Thompson v. State,*
9 S.W.3d 808 (Tex.Crim.App. 1999) ........................................................ 8

*Vasquez v. State,*
830 S.W.2d 948 (Tex.Crim.App. 1992) ........................................................ 5


## TEXAS COURTS OF APPEAL:

*Browning v. State,*
No. 12-14-00179-CR (Tex.App.—Tyler) ........................................................ 8 n.1

*Chavez v. State,*
6 S.W.3d 66 (Tex.App.—San Antonio 1999) ........................................................ 5

*Clay v. State,*
741 S.W.2d 209 (Tex.App.—Dallas 1987) ........................................................ 6

*Mata v. State,*
141 S.W.3d 858 (Tex.App. – Corpus Christi 2004) ........................................................ 7

*Perez v. State,*
994 S.W.2d 233 (Tex.App. – Waco 1999) ........................................................ 6

*Taylor v. State,*
911 S.W.2d 906 (Tex.App. – Fort Worth 1995) ........................................................ 6


## STATUTES:

TEX. CODE CRIM. PROC. art. 37.07 ........................................................ 5

**No. 12-14-00126-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**CHRISTOPHER WILEY**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-1239-13

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Christopher Wiley, by and through his attorney of record, Austin Reeve Jackson, and files this his brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Christopher Wiley seeks to appeal his conviction and sentence for the offense of Murder. (I CR 139). Mr. Wiley was indicted for this offense in the 241st District Court of Smith County in September of 2013. (I CR 1). To this charge he entered a plea of "not guilty" and proceeded to trial by jury. (I CR 139). Ultimately, Mr. Wiley was convicted and sentenced by the jury to serve a term of life confinement. (*Id*.). Sentence was pronounced on 9 May 2014 and notice of appeal then timely filed. (I CR 139, 143).

## ISSUE PRESENTED

**I.  APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT PUNISHMENT.**

## STATEMENT OF FACTS

In the early morning hours of 1 July 2013, Appellant, Mr. Christopher Wiley, arrived in a distraught state at his mother's home in Tyler. (III RR 67). When asked what was going on, he responded "that he had shot Rodney [in the head and chest] and that he was going to commit suicide." (III RR 70-71). "Rodney" referred to Mr. Wiley's domestic partner, Rodney Walker. (III RR 69). Mr. Walker and Mr. Wiley had been together for sometime though their relationship had been by all accounts marked by alcoholism and violence on the part of both of them. (III RR 107, IV RR 275, 321). In fact, in addition the instant case law en-

2

forcement had been called to their home on at least seven prior occasions for domestic disturbances. (IV RR 268).

On this occasion, law enforcement arrived to find Mr. Walker in his bedroom on the ground in a pool of blood. (III RR 226-227). At trial Mr. Wiley testified that earlier that evening he and Mr. Walker had found themselves in an argument regarding Mr. Wiley's decision to move out and terminate the relationship. (IV RR 142). According to Mr. Wiley, Mr. Walker reacted to that decision by making threats against both he and his mother. (*Id*.). The argument stalled initially, and the two went to separate areas of their home. (IV RR 145). However, Mr. Walker reinitiated their verbal spar and elevated the situation by slapping and pushing Mr. Wiley. (*Id*.). More threats were made and the level of agitation continued to increase. (IV RR 148-49). Based on his prior acts of violence, Mr. Wiley became concerned that Mr. Walker was going to "beat [him] like he had previously done." (IV RR 150). At that point, Mr. Wiley "snapped" and pulled a gun out of his pocketing firing it twice. (IV RR 152-53).

Before law enforcement could speak with Mr. Wiley that day he passed out at his mother's house and was taken to the hospital. (IV RR 42). Upon arrival he was sent to the ICU as a result of having a near fatal level of his blood alcohol. (IV RR 42). Upon his waking he was arrested and charged with murder. (I CR 1).

3

To this charge he entered a plea of "not guilty" and proceeded to trial by jury in the 241st District Court of Smith County. (I CR 139). In the end the jury rejected his claim of self-defense and Mr. Wiley was convicted and sentenced by the jury to serve a term of life confinement. (*Id*.). Sentence was pronounced on 9 May 2014 and notice of appeal then timely filed. (I CR 139, 143).

## SUMMARY OF ARGUMENT

In the instant case the State, through closing argument, urged the jury to calculate parole eligibility in determining Appellant's sentence. Because Appellant's trial counsel failed to object to these comments Appellant did not receive effective assistance of counsel.

## ARGUMENT

**I.     APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT PUNISHMENT.**

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail in a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a pre-

4

ponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

Specifically applying this standard to allegations that trial counsel was ineffective for failing to raise a proper objection, an appellate court will not presume that failure to object to improper or inadmissible evidence or argument is, *per se*, ineffective assistance of counsel. *Strickland*, 466 U.S. at 690. However, where there exists no reasonable trial strategy for failing to make such an objection, ineffective assistance of counsel will be found to have been rendered. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001); *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex.Crim.App. 1992); *Chavez v. State*, 6 S.W.3d 66, 71(Tex.App.—San Antonio 1999, pet. ref'd); *see also Lyons v. McCotter*, 770 F.2d 529, 534-35 (5th Cir. 1985).

Relevant Facts

In the instant case, Mr. Wiley was convicted of the felony offense of murder. (I CR 139). Thus, the charge given the jury on punishment was required to contain the parole explanation contained in article 37.07 of the Texas Code of Criminal Procedure. This instruction was given. (I CR 125).

In closing argument the State used this instruction as a foundation to its argument that the maximum sentence should be imposed. (VI RR 28, 50). While

conceding that the actual date on which Mr. Wiley would be paroled was not a predictable event, the State nonetheless asserted that it could be predicted that Mr. Wiley "will actually make parole." (VI RR 50).

> Why do we keep using the word "eligibility?" It's because we can't say when he will actually make parole. And that makes sense, because once he gets to prison it's up to him. The parole authorities will grant him parole based on his conduct in prison. So he's the one that gets to decide when he paroles.

(*Id.*). Because "the parole authorities will grant him parole," the State continued, it was imperative that the jury impose a life sentence to that when Mr. Wiley is released "he doesn't get out here and commit a third DWI and kill a family or get drunk and kill his next partner." (*Id.*; *see also* VI RR 28).

<u>The State's Argument was Improper</u>

Arguing that Mr. Wiley would be released and that a life sentence was necessary to ensure that he was under continued supervision after inevitably being released cannot be construed as anything other than urging the jury to apply parole law to this particular defendant. *Perez v. State*, 994 S.W.2d 233, 236-37 (Tex.App.—Waco 1999, no pet.); *Taylor v. State*, 911 S.W.2d 906, 911 (Tex.App.—Fort Worth 1995, pet. ref'd); *Clay v. State*, 741 S.W.2d 209, 210 (Tex.App.—Dallas 1987, pet. ref'd). The jury was, in effect, told "it did not matter how long a term was assessed" because Mr. Wiley would be back on their streets in a matter of years and the State's argument was "tantamount to telling the

6

jury to disregard the charge of the Court on the applicable law and to apply the parole laws" to Mr. Wiley. *Hernandez v. State*, 366 S.W.2d 575, 576 (Tex.Crim.App. 1963); *Clay*, 741 S.W.2d at 211; Consequently, trial counsel should have raised an appropriate objection when the State made such an argument. *But see Taylor v. State*, 233 S.W.3d 356, 358 (Tex.Crim.App. 2007) (holding that similar arguments were not problematic and counsel was not ineffective for failing to object.); *see also Bone v. State*, 77 S.W.3d 828, 833 n.12 (Tex.Crim.App. 2002) (holding that if the appellate court can imagine a strategic motive to explain the ineffective assistance claim, then the reviewing court may not sustain the appellant's point of error).

<u>But For Counsel's Failure to Object, The Result May Have Been Different</u>

The obvious "goal of every defense counsel at the punishment phase of trial is to have the jury assess the least amount of punishment possible." *Mata v. State*, 141 S.W.3d 858, 868 (Tex.App.—Corpus Christi 2004), *rev'd on other grounds*, 226 S.W.3d 425 (Tex.Crim.App. 2007). Moreover, arguments similar to that made by the State in this case have been described as being "clearly and grossly improper and prejudicial." *Clay*, 741 S.W.2d at 211 (*citing Clanton v. State*, 528 S.W.2d 250, 254 (Tex.Crim.App. 1975)).

In the instant case there was extensive evidence, much of which was conceded by the State, that established factors tending to mitigate a life sentence. For

example, the evidence was undisputed that Mr. Wiley had been the victim of extreme domestic violence at the hands of the alleged victim in this case. (III RR 107 IV RR 142, 145, 150, 181, 182, 268). Moreover, though the jury obviously rejected Mr. Wiley's self-defense argument, they may have believed that the victim's behavior on prior occasions played some contributing factor Mr. Wiley's use of violence in this instance. (IV RR 150, 155, 159, 162, 163, 181, 182, 268).

Such a situation should leave in the mind of the Court some "grave doubt" as to the effect counsel's failure to object had on sentence ultimately imposed. *Burnett v. State*, 88 S.W.3d 633, 637-38 (Tex.Crim.App. 2002). Consequently, the Court must reverse the judgment below and remand the case for a new hearing on punishment. *Id*; *but see, Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex.Crim.App. 1999) (holding that there will generally be insufficient evidence on direct appeal for an appellate court to make the necessary findings to sustain this type of argument).[1]

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays, because he received ineffective assistance during the punishment phase of his trial, that the

---

[1] Additionally, the Court has before it in *Browning v. State*, 12-14-00179-CR, an almost identical argument made by the same prosecutor. The Court can consider in its harm analysis the likelihood that the error will be repeated if not addressed. *Clark v. State*, 643 S.W.2d 723, 725 (Tex.Crim.App. 1982).

Court reverse the judgment of the trial court and remand the case for a new trial on punishment.

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone:  (903) 595-6070
Facsimile:  (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by facsimile on this the 7th day of January 2014.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 1,905 words.

/s/ Austin Reeve Jackson