ACCEPTED
12-16-00096-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/19/2016 3:19:29 PM
Pam Estes
CLERK

## 12-16-00096-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/19/2016 3:19:29 PM
PAM ESTES
Clerk

## LONNIE EDWARD SMITH, JR.

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-0048-16

## ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:

Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:

Clifton Roberson
100 E. Ferguson, Suite 1104
Tyler, TX 75702

**Attorney for the State**

Mr. Michael West
Smith County ADA
100 N. Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................................ii

TABLE OF CONTENTS..........................................................................................iii

INDEX OF AUTHORITIES......................................................................................iv

STATEMENT OF THE CASE....................................................................................2

ISSUES PRESENTED ................................................................................................2

STATEMENT OF FACTS ..........................................................................................2

SUMMARY OF THE ARGUMENT ...........................................................................3

ARGUMENT ..............................................................................................................4


    **I.    MR. SMITH RECEIVED INEFFECTIVE ASSISTANCE DURING PUNISHMENT** ...............................................................................4

        The State's Argument.........................................................................................5

        The Jury's Note .................................................................................................7

        Harm Analysis ................................................................................................10

CONCLUSION AND PRAYER ................................................................................11

CERTIFICATE OF SERVICE .................................................................................11

CERTIFICATE OF COMPLIANCE ........................................................................12

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Strickland v. Washington*,
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed. 2d 344 (1984)................................4


**FIFTH CIRCUIT COURT OF APPEALS:**

*Lyons v. McCotter*,
  770 F.2d 529 (5th Cir.) ...............................................................................5


**TEXAS COURT OF CRIMINAL APPEALS:**

*Bone v. State*,
  77 S.W.3d 828 (Tex.Crim.App. 2002)........................................................4, 6

*Garcia v. State*,
  57 S.W.3d 436 (Tex.Crim.App. 2001).........................................................5

*Hawkins v. State*,
  135 S.W.3d 72 (Tex.Crim.App. 2004).....................................................5, 8, 9

*Hernandez v. State*,
  988 S.W.2d 70 (Tex.Crim.App. 1999)..........................................................4

*Hutch v. State*,
  922 S.W.2d 166 (Tex.Crim.App. 1996)........................................................9

*Igo v. State*,
  210 S.W.3d 645 (Tex.Crim.App. 2007)........................................................8

*Luquis v. State*,
  72 S.W.3d 355 (Tex.Crim.App. 2002)..........................................................9

*Mata v. State*,
  226 S.W.3d 425 (Tex.Crim.App. 2007)) ....................................................8-9

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Miniel v. State*,
  831 S.W.2d 310 (Tex.Crim.App. 1992).........................................................4

*Moore v. State*,
  9694 S.W.2d 528 (Tex.Crim.App. 1985)......................................................4

*Rose v. State*,
  752 S.W.2d 529 (Tex.Crim.App. 1988).........................................................8

*Schutz v. State*,
  63 S.W.3d 442 (Tex.Crim.App. 2001)..........................................................11

*Vasquez v. State*,
  830 S.W.2d 948 (Tex.Crim.App. 1992).........................................................5


## TEXAS COURTS OF APPEAL:

*Byrd v. State*,
  192 S.W.3d 69 (Tex.App.—Houston [14th Dist.] 2006)..............................9-10

*Chavez v. State*,
  6 S.W.3d 66 (Tex.App.—San Antonio 1999)................................................5

*Clay v. State*,
  741 S.W.2d 209 (Tex.App.—Dallas 1987)....................................................6

*Lee v. State*,
  No. 12-09-00221-CR,
  2010 WL 1899675 (Tex.App.—Tyler 2010)................................................10

*Mata v. State*,
  141 S.W.3d 858 (Tex.App.—Corpus Christi 2004) .....................................8

*Perez v. State*,
  994 S.W.2d 233 (Tex.App.—Waco 1999) ...................................................6

## TEXAS COURTS OF APPEAL (CON'T):

*Roberts v. State*,
  849 S.W.2d 407 (Tex.App.—Fort Worth 1993)............................................8

*Sandoval v. State*,
  No. 12-12-00366-CR
  2013 WL 3967242 (Tex.App.—Tyler 2013)..............................................10

*Taylor v. State*,
  911 S.W.2d 906 (Tex.App.—Fort Wroth 1995)............................................6

## STATUTES:

TEX. CODE CRIM. PROC. art. 37.07.................................................7, 8, 9

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**LONNIE EDWARD SMITH, JR.**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 241st District Court of Smith County, Texas
Trial Cause No. 241-0048-16

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Lonnie Smith, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Lonnie Smith seeks to appeal his conviction and sentence for the offense of delivery of a controlled substance. (I CR 46). Mr. Smith was indicted for this offense in January of this year. (I CR 1). A plea of "not guilty" was entered and the case proceeded to trial by jury in the 241st District Court of Smith County. (I CR 46). Ultimately, the jury convicted Mr. Smith of the offense and imposed punishment at confinement for life. (*Id*.). Sentence was pronounced on 15 March and notice of appeal then timely filed. (I CR 46, 55).

## ISSUES PRESENTED

**I. MR. SMITH RECEIVED INEFFECTIVE ASSISTANCE DURING PUNISHMENT.**

## STATEMENT OF FACTS

At some point in the past officers with the Tyler Police Department Learned that Appellant, Mr. Lonnie Smith, may be involved in illegally distributing controlled substances in the Tyler area. (IV RR 29). As part of their investigation into that issue, officers conducted an attempted buy of narcotics from Mr. Smith using a confidential informant. (IV RR 30-31). Specifically, the informant arranged to purchase $60 worth of oxycodone from Mr. Smith. (IV RR 32). That transaction, and later a second, was conducted. (IV RR 42-43).

As a result, Mr. Smith was indicted for the felony offense of delivery of a controlled substance. (I CR 1). Based on two prior felony convictions, his punishment range was enhanced to that of a habitual offender. (I CR 32). Mr. Smith elected to proceed to trial by jury and was convicted in the 241st District Court of Smith County and sentenced to serve a term of confinement for life. (I CR 46). Sentence was pronounced on 15 March and notice of appeal then timely filed. (I CR 46, 55).

## SUMMARY OF ARGUMENT

When Mr. Smith's trial counsel failed to raise a timely objection to argument by the State that encouraged the jury to improperly apply of parole law to Mr. Smith in determining their sentence, and then compounded that error by failing to request that a proper parole instruction be given in response to a question sent out by the jury during deliberation, ineffective assistance was rendered. Because, but for that ineffective assistance Mr. Smith may have received a lesser sentence, the Court should reverse the judgment and remand the case for a new trial on punishment.

**ARGUMENT**

## I.  MR. SMITH RECEIVED INEFFECTIVE ASSISTANCE DURING PUNISHMENT.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999).  To prevail in a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different.  *Strickland*, 466 U.S. at 687-88.  On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence.  *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985).  Trial counsel's performance is not to be judged with the benefit of hindsight.  *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992); *see also Bone v. State*, 77 S.W.3d 828, 833 n.12 (Tex.Crim.App. 2002) (holding that if the appellate court can imagine a strategic motive to explain the ineffective assistance claim, then the reviewing court may not sustain the appellant's point of error).

Specifically applying this standard to allegations that trial counsel was ineffective for failing to object, an appellate court will not presume that a failure to object even to impermissible evidence or activity is, *per se*, ineffective assistance of counsel.  *Strickland*, 466 U.S. at 690.  However, where there exists no reasonable

4

trial strategy for failing to make such an objection, ineffective assistance of counsel will be found to have been rendered. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001); *Vasquez v. State*, 830 S.W.2d 948, 951 (Tex.Crim.App. 1992); *Chavez v. State*, 6 S.W.3d 66, 71(Tex.App.—San Antonio 1999, pet. ref'd); *see also Lyons v. McCotter*, 770 F.2d 529, 534-35 (5th Cir. 1985). Here, ineffective assistance was rendered when trial counsel failed to raise a timely objection to the improper application of parole law to Mr. Smith by the jury.

The State's Argument

It is well established that a jury is prohibited from considering how parole law and good time would be applied to a particular defendant. *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex.Crim.App. 2004). Nonetheless, in closing argument the State argued for a maximum sentence in part because it was a foregone conclusion that Mr. Smith would be paroled at some point and would then need to be supervised for life. (V RR *gen*.).

> So then what's the difference between a life sentence and a 60-year sentence, if he's eligible for parole at 15 no matter what?

> Well, for one it sends a message to the community …, but it also ensures that this person will be monitored and supervised for the rest of his life, period, no matter what. And I can't really think of anybody who needs to be monitored and supervised for the rest of his life more than Lonnie Smith. That's the only way you're going to ensure that.

(V RR 13-14). After briefly explaining that they jury is prohibited from applying parole law in calculating their sentence, the State then went ahead and urged them to do just that:

> But what we can guarantee is that with a life sentence, at a minimum Lonnie Smith will be supervised for the remainder of his natural life. That's what a life sentence means.

(V R 25) (emphasis added).

Such comments, that a life sentence is warranted because the jury must take into consideration how long they want to have Mr. Smith under the supervision of parole, cannot be construed as anything other than urging the jury to apply parole law to this particular defendant. *Perez v. State*, 994 S.W.2d 233, 236-37 (Tex.App.—Waco 1999, no pet.); *Taylor v. State*, 911 S.W.2d 906, 911 (Tex.App.—Fort Worth 1995, pet. ref'd); *Clay v. State*, 741 S.W.2d 209, 210 (Tex.App.—Dallas 1987, pet. ref'd). Such remarks are "tantamount to telling the jury to disregard the charge of the Court on the applicable law and to apply the parole laws" to Mr. Browning and trial counsel should have raised an appropriate objection when the State made such an argument. *Clay*, 741 S.W.2d at 211; *but see Taylor v. State*, 233 S.W.3d 356, 358 (Tex.Crim.App. 2007) (holding that similar arguments were not problematic and counsel was not ineffective for failing to object.); *see also Bone v. State*, 77 S.W.3d 828, 833 n.12 (Tex.Crim.App. 2002) (holding that if the appellate court can imagine a strategic motive to explain the in-

6

effective assistance claim, then the reviewing court may not sustain the appellant's point of error).

<u>The Jury's Note</u>

That the State's argument was effective and landed their desired blows is made clear by a note sent out by the jury during their deliberations in which they asked specifically about how parole would be applied to particular sentencing options. (V RR 30-31). Specifically, the jury asked:

> Clarification: 25 dash 99 years, eligibility for parole in 15 years. Life sentence, is there any possibility of parole? What is the difference in 99 and life?

(*Id.*).

> In response, the trial court proposed that the following be sent as a reply:

> Members of the jury, the Court has received your note. The Court cannot give you any further instructions. Please refer to the Court's charge and continue your deliberations.

(V RR 31). Without objection from either party this response was then sent back to the jury. (*Id.*).

At the outset, Appellant must concede that the written charge of the court contained a mostly proper parole instruction and included the admonition that the jury was prohibited from considering how parole law and good time would be ap-

7

plied to Mr. Smith.[1]  (I CR 39-40); TEX. COE CRIM. PROC. ANN. Art. 37.07 §4(b);

*Igo v. State*, 210 S.W.3d 645, 647 (Tex.Crim.App. 2007).  Appellant further recognizes that there is a presumption on appeal that the jury followed the trial court's written instructions on this issue.  *Rose v. State*, 752 S.W.2d 529, 554 (Tex.Crim.App. 1988) (op. on reh'g); *Hawkins*, 135 S.W.3d at 84 (Tex.Crim.App. 2004).  However, this presumption is one that can be rebutted when the record establishes evidence to the contrary. *Id*.

When it becomes evident that the jury is concerned with how parole will be applied in a particular case and is attempting to calculate its application for a particular defendant, a trial attorney should recognize the potential harm being done to their client.  As courts have noted, the purpose of the parole instruction is to benefit the State by increasing the likelihood that a longer sentence will be imposed.  *Roberts. v. State*, 849 S.W.2d 407, 410 (Tex.App.—Fort Worth 1993, pet. ref'd).  When the jury sends out a note making clear they are attempting to calculate parole in such a way as to apply it to a particular defendant in order to ensure that he remains incarcerated as long as possible and trial counsel makes no attempt to mitigate that harm, counsel has abdicated one of their most basic responsibilities to their client.  *See, e.g, Mata v. State*, 141 S.W.3d 858, 868 (Tex.App.—Corpus Christi 2004), *rev'd on other grounds*, 226 S.W.3d 425 (Tex.Crim.App. 2007)

---

[1] To the extent that the instruction did not exactly mirror that in Section 37.07, that error was either neutral or was to Mr. Smith's benefit.  TEX. COE CRIM. PROC. ANN. Art. 37.07 §4(b)

(holding that it is the obvious "goal of every defense counsel at the punishment phase of trial is to have the jury assess the least amount of punishment possible").

The simple answer for trial counsel, and the act which would indicate effective assistance, would have been for counsel to ask that the court responded with the instruction it is required by statute to give. *See Hutch v. State*, 922 S.W.2d 166, 170 (Tex.Crim.App. 1996) (court is required to give the law applicable to a case). This includes the applicable instruction for parole, importantly, that a jury may not apply or attempt to apply parole calculations to a defendant. TEX. CODE CRIM. PROC. art. 37.07 § 4(b). Thus, in response to the jury's questions, defense counsel should have objected to the obvious consideration of parole by the jury, objected to the vague and incomplete instruction given by the trial court, and requested that the jury be instructed, "You are not to consider the manner in which the parole law may be applied to this particular defendant." TEX. CODE CRIM. PROC. art. 37.07 §4(b); *see also Luquis v. State*, 72 S.W.3d 355, 363 (Tex.Crim.App. 2002) (as to the written charge the giving of such an instruction is mandatory); *Hawkins*, 135 S.W.3d at 84 ("The law specifically provides that the jury may consider the existence of parole law and good time in making its punishment determination; the jury is simply prohibited from considering how parole law and good time would be applied to a particular defendant."); *but see Byrd v. State*, 192 S.W.3d 69, 72 (Tex.App.—Houston [14th dist.] 2006, pet. ref'd) (a "jury may

base its …punishment in part on consideration of a sentenced defendant's parole eligibility…).  By failing to do so, trial counsel not only abdicated his responsibility to Mr. Smith but also effectively aided in ensuring that the sentence returned would be on the high-end as the jury's improper consideration of parole for that purpose went unchecked.  *But see, Sandoval v. State*, No. 12-12-00366-CR, 2013 WL 3967242 (Tex.App.—Tyler July 31, 2013, pet. ref'd) (in which this Court rejected this argument under similar circumstances).

Harm Analysis

Viewing the unobjected to argument by the State, coupled with the implicit attempt by the jury to calculate how long it would take before Mr. Smith would be released on parole, in light of the fact that Mr. Smith was ultimately given a life sentence, harm seems hard to dispute.  *But see Lee v. State*, No. 12-09-00221-CR, 2010 WL 1899675 (Tex.App.—Tyler May 12, 2010, pet. ref'd) (not designated for publication) (in which this Court found no harm under comparable circumstances).  That is, but for trial counsel's failure to raise a proper objection to the instruction given and request that a complete instruction be submitted, Mr. Smith's sentence may have been something significantly less than life.  *Strickland*, 466 U.S. at 687-88 (standard of review).  And while this is an admittedly nebulous assertion of harm, Appellant would ask the Court to consider that his is not the objective to prove harm but, rather, to ask the Court whether it can be certain that the error did

not influence the jury or did so only slightly. *See Schutz v. State*, 63 S.W.3d 442, 444 (Tex.Crim.App. 2001) (harm is not resolved "by asking whether the appellant met a burden of proof to persuade us that he suffered some actual harm). Because the Court cannot confidently answer that question given the record before it, the judgment should be reversed and the case remanded for a new trial on punishment.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, because Mr. Smith received ineffective assistance during the punishment phase of trial, reverse the underlying judgment and remand the case for a new trial on sentencing.

Respectfully submitted,


/s/ Austin Reeve Jackson
Texas Bar No. 24046139
305 S. Broadway, Suite 700
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by efile / facsimile concurrently with its filing in the Court.

/s/Austin Reeve Jackson


11

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,382 words.

/s/ Austin Reeve Jackson